WILLIAMS, Appellant,

v.

E. & L. TRANSPORT COMPANY, Appellee.

[Cite as *Williams v. E. & L. Transport Co.* (1991), 81 Ohio App.3d 108.]

Court of Appeals of Ohio,
Lorain County.

No. 90CA004932.

Decided Aug. 14, 1991.

*Donna Taylor–Kolis,* for appellant.

*C. Steven Rabold,* for appellee E. & L. Transport Co.

*Lee I. Fisher,* Attorney General, and *Steven L. Sterner,* Assistant Attorney General, for Industrial Commission.

BAIRD, Judge.

This cause comes before the court upon the appeal of Pepper Williams from the judgment of the Lorain County Court of Common Pleas dismissing his appeal to that court from the denial by the Industrial Commission of his claim for workers' compensation benefits.

Pursuant to Civ.R. 41(A)(1)(a), the original appeal in this action was voluntarily dismissed without prejudice on July 19, 1989, which was beyond the applicable statutory limitation period for commencement of such action. However, under Ohio's saving statute, R.C. 2305.19, Williams had one year from that date to commence the action anew. R.C. 2305.19 reads, in pertinent part:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than

upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date.   * * * ''

Due to record-keeping errors by appellant's attorneys, the one-year period granted by the saving statute passed, and this action was not refiled until July 27, 1990.

Upon defendant's motion, the trial court dismissed the instant action for appellant's failure to refile the claim within the one-year period granted by R.C. 2305.19.   In so doing, the trial court rejected appellant's argument that R.C. 2305.19 is subject to the time-extension provisions of Civ.R. 6(B), and that the failure to file was due to excusable neglect, finding instead that Civ.R. 6(B) is not applicable to the saving statute.

### Assignment of Error

"The trial court abused its discretion in granting defendant's motion to dismiss where plaintiff properly voluntarily dismissed his case but failed to timely refile his action in accordance with the savings statute, R.C. 2305.19, due to excusable neglect as defined in Civil Rule 6(B)."

Civ.R. 6(B) reads:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D) and Rule 60(B), except to the extent and under the conditions stated in them."

By the express terms of the rule, the time-extension provisions of Civ.R. 6(B) are applicable where an act is required or allowed to be done at or within a specified time, (1) by the Rules of Civil Procedure, excepting Rules 50(B), 59(B) and (D) and 60(B); (2) by notice given under the Rules of Civil Procedure; or (3) by order of court.   Had the rulemakers intended that Civ.R. 6(B) be applied to statutory provisions such as R.C. 2305.19, they would have so specified, as they did, for example, with the time-computation provisions of Civ.R. 6(A), which expressly governs the Rules of Civil Procedure, local rules of any court, order of court, or *any applicable statute.*

We therefore hold that the time-extension provisions of Civ.R. 6(B) are not applicable to Ohio's saving statute, R.C. 2305.19.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.