OPINION
{¶ 1} Plaintiffs-appellants, David R. Ruch, personal representative of the Estate of Matthew Ruch, deceased, and David R. Ruch and Veronica A. Ruch, individually, appeal from a judgment of the Court of Claims of Ohio that granted summary judgment in favor of defendant-appellee, State of Ohio Department of Transportation.
 {¶ 2} On September 16, 1999, Matthew Ruch was killed when the tractor-trailer that he was driving southbound on State Route 19 in Ottawa County left the paved surface of the road and crashed. On March 2, 2001, plaintiffs filed a complaint against defendant in the Court of Claims, alleging negligence. Pursuant to Civ.R. 41(A), plaintiffs voluntarily dismissed the lawsuit. The parties dispute the date that the notice of dismissal without prejudice was filed in the Court of Claims.
 {¶ 3} On June 6, 2003, plaintiffs refiled their lawsuit in the Court of Claims. On July 8, 2003, defendant filed a motion to dismiss, asserting that the June 6, 2003 complaint was filed beyond the applicable statute of limitations. On August 18, 2003, the trial court, sua sponte, converted defendant's motion to dismiss to a motion for summary judgment pursuant to Civ.R. 56(B). On August 20, 2003, plaintiffs filed a memorandum in opposition to defendant's motion to dismiss. Attached to said memorandum was an affidavit of plaintiffs' counsel, which provided, in relevant part, as follows:
3. On May 13, 2002, I caused a document entitled Notice of Dismissal Without Prejudice to be mailed to the Clerk of the Court of Claims in Case No. 2001-02945.
4. On May 20, 2002 a copy of the Notice of Dismissal Without Prejudice without a date stamp was received at my office in Troy, MI, in the self-addressed, stamped envelope that had been provided for the mailing of a date stamped copy of the Notice of Dismissal Without Prejudice. See attached Exhibit A-1.
5. Upon inquiring with the Clerk of Court at my direction as to why an unstamped copy of the Notice of Dismissal Without Prejudice was returned to our office, my secretary was informed by a Deputy Clerk of the Court of Claims that the Notice of Dismissal Without Prejudice would not be filed until the costs of the case were paid.
6. On July 3, 2002, a costs bill was received in our office. A check for the costs was mailed and a receipt for the paid costs bill in the amount of $53.95 dated July 24, 2002, was subsequently received on July 29, 2002. See attached Exhibit A-2.
7. Based on the conversation with the Deputy Clerk of the Court of Claims, the Notice of Dismissal Without Prejudice should have been filed on July 23, 2002, the date of the receipt.
8. The first knowledge I had that the Notice of Dismissal Without Prejudice had been filed on May 16, 2002, and the first time I saw a date stamped copy was when the Defendant's Motion to Dismiss was served in July 2003.
(Affidavit of Kenneth Bauman.)
 {¶ 4} On September 24, 2003, the Court of Claims granted defendant's motion for summary judgment, finding that plaintiffs' complaint was untimely filed. Plaintiffs appeal from this judgment and assert the following two assignments of error:
Assignment of Error Number One:
The Lower Court erred procedurally to the prejudice of plaintiffs/appellants in granting defendant/appellee's motion for summary judgment.
Assignment of Error Number Two:
The Lower Court erred substantively to the prejudice of plaintiffs/appellants in granting defendant/appellee's motion for summary judgment.
 {¶ 5} Because plaintiffs' assignments of error are interrelated, we will address them together. By their two assignments of error, plaintiffs assert that the trial court erred, procedurally and substantively, when it granted defendant's motion for summary judgment.
 {¶ 6} Appellate review of a lower court's granting of summary judgment is de novo. Hahn v. Satullo, 156 Ohio App.3d 412,2004-Ohio-1057, at ¶ 33. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland CitySchools Bd. of Edn. (1997), 122 Ohio App.3d 378, 383, citingDupler v. Mansfield Journal Co., Inc. (1980),64 Ohio St.2d 116, 119-120, certiorari denied (1981), 452 U.S. 962,101 S.Ct. 3111.
 {¶ 7} Summary judgment is proper when a movant for summary judgment demonstrates that: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183.
 {¶ 8} The issues in this case were whether plaintiffs' complaint was timely filed pursuant to R.C. 2305.19, and, if it was not timely filed under that section, whether the specified period for filing should have otherwise been extended. We find that no genuine issue of material fact exists as to whether plaintiffs' complaint was timely filed pursuant to R.C. 2305.19. Also, we find that plaintiffs provided no facts that would support the application of an equitable doctrine that would extend the specified period for filing.
 {¶ 9} We will first address plaintiffs' argument that the refiling of the lawsuit was timely. Former R.C. 2305.19
provided,[1] in pertinent part, as follows:
In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *
R.C. 2305.19 is considered a "savings statute." R.C. 2305.19
provides for a one-year time period for the refiling of a lawsuit in particular circumstances. "A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the savings statute, R.C. 2305.19."Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph two of the syllabus. See Costell v. Toledo Hosp. (1988),38 Ohio St.3d 221.
 {¶ 10} In this case, the original action was commenced on March 2, 2002. The notice of dismissal was clearly filed on May 16, 2002, as evinced by the record. Attached to its motion to dismiss, defendant submitted a time-stamped copy of the notice of voluntary dismissal indicating that it was filed in the Court of Claims on May 16, 2002. Also, the trial court journalized an entry on May 23, 2002, which indicated that plaintiffs' notice of voluntary dismissal was filed on May 16, 2002. The deputy clerk of court's alleged representations to the office of plaintiffs' counsel would not have changed when the notice of dismissal was actually filed.
 {¶ 11} Plaintiffs attempt to introduce a red herring regarding the issue of when the action was dismissed, by arguing that the voluntary dismissal of the lawsuit was not "effective" until they paid the court costs. We find this argument to be without merit because "the mere filing of the notice of dismissal by the plaintiff automatically terminates the case without intervention by the court." (Emphasis added.) Payton v.Rehberg (1997), 119 Ohio App.3d 183, 191.
 {¶ 12} On June 6, 2003, plaintiffs refiled their action in the Court of Claims. This refiling occurred beyond one year after plaintiffs' notice of voluntary dismissal was filed. Because plaintiffs did not commence the new action within one year after the voluntary dismissal on May 16, 2002, the trial court correctly determined that the June 6, 2003 complaint was untimely filed. Therefore, there is no genuine issue of material fact as to when the notice of voluntary dismissal was filed, May 16, 2002, and that plaintiffs refiled the lawsuit outside the one-year limitation period specified in R.C. 2305.19. The trial court correctly concluded that plaintiffs' June 6, 2003 complaint was untimely under R.C. 2305.19.
 {¶ 13} Plaintiffs claim that defendant should be equitably estopped from asserting a statute of limitations defense on the basis that the doctrine of equitable tolling is applicable to the facts of this case. Essentially, plaintiffs argue that an equitable doctrine should have been applied to toll the running of the statute of limitations until one year after plaintiffs paid court costs.
 {¶ 14} "Equitable estoppel prevents a party from exercising rights against one who has, in good faith, relied upon the conduct of that party to his detriment." Welfley v. Vrandenburg
(Mar. 29, 1996), Franklin App. No. 95APE11-1409, citing Turnerv. C. F. Products Co., Inc. (Sept. 28, 1995), Franklin App. No. 95APE02-175. "A prima facie case for equitable estoppel requires a plaintiff to prove four elements: (1) that the defendant made a factual misrepresentation; (2) that it is misleading; (3) induces actual reliance which is reasonable and in good faith; and (4) which causes detriment to the relying party." Doe v. Blue Cross/Blue Shield of Ohio (1992),79 Ohio App.3d 369, 379. Moreover, this court has stated that "[t]o successfully raise a claim of equitable tolling, a party must show a misrepresentation whether made in good faith or not that was calculated to induce a plaintiff to forego the right to sue."Welfley, citing Jones v. General Motors Corp. (C.A.6, 1991),939 F.2d 380, 385.
 {¶ 15} Plaintiffs argue that they were led to believe that the notice of voluntary dismissal would not be filed until they paid the court costs because: (1) the deputy clerk of court informed the office of plaintiffs' counsel as such; (2) the trial court would not have made the May 23, 2002 entry assessing court costs if it lacked jurisdiction due to a dismissal of the case; and (3) a copy of the notice of voluntary dismissal was returned to plaintiffs without a time stamp.
 {¶ 16} We recognize that the alleged statement of the deputy clerk, indicating that the notice of dismissal would not be filed until the costs of the case were paid, was erroneous. At the time the deputy clerk allegedly made the statement, which, according to Mr. Bauman's affidavit, was sometime after May 19, 2002, the notice of voluntary dismissal had already been time stamped as being filed on May 16, 2002.
 {¶ 17} However, plaintiffs' argument regarding the applicability of an equitable doctrine is fatally flawed because it is based on the presumption that an action of a deputy clerk of the Court of Claims is an action of defendant, the Ohio Department of Transportation. The Court of Claims is not a party in this action. Plaintiffs have not presented any evidence, or even alleged, that defendant, the Ohio Department of Transportation, which is the party asserting the statute of limitations defense, made a factual misrepresentation. On this basis alone, we find plaintiffs' argument that defendant should be equitably estopped from asserting a statute of limitations defense to be without merit.
 {¶ 18} Furthermore, in this case, any reliance on the alleged statements of the deputy clerk of the Court of Claims, regarding when the notice of voluntary dismissal would be filed, was not reasonable. See Hershbain v. Cleveland (June 4, 1992), Cuyahoga App. No. 60631 (stating that "parties are expected to keep themselves informed of the progress of their case," and finding that the litigant was not justified in "merely `calling' or talking to the clerk's office"). Also, given that the May 23, 2002 entry reflected that the case had been dismissed on May 16, 2002, plaintiffs' reliance upon the alleged oral representations by a deputy clerk of court was not reasonable.
 {¶ 19} Plaintiffs disagree with the trial court's determination that the statements of the secretary regarding the statements of the deputy clerk of court are "inadmissible hearsay." The trial court observed that plaintiffs had not submitted an affidavit of the secretary who was allegedly informed that the notice of dismissal would not be filed until costs were paid. The trial court considered counsel's representations on this conversation as inadmissible hearsay. In addition, the trial court determined that "even if the court were to accept [plaintiffs' counsel's] claim that his office was misinformed about the date plaintiffs' notice of dismissal would be time-stamped, the court's May 23, 2002, entry clearly notifies plaintiffs of the date of dismissal." (Sept. 24, 2003 Decision, at 4.) We concur with the trial court's analysis.
 {¶ 20} Plaintiffs do not argue that they did not receive the May 23, 2002 entry. Indeed, if we construe Mr. Bauman's affidavit most favorably for plaintiffs, we could conclude that Mr. Bauman, individually, did not receive the May 23, 2002 entry. However, the May 23, 2002 entry provided that a copy was sent to John M. Conway, as "Attorney for Plaintiffs." Mr. Conway was the attorney that filed the original complaint. Mr. Bauman was not listed as a recipient of a copy of the May 23, 2002 entry. Therefore, even though Mr. Bauman may not have had personal knowledge of the receipt of the May 23, 2002 entry, which indicated a May 16, 2002 filing of the notice of dismissal, nothing in the record indicates that plaintiffs' counsel did not receive the May 23, 2002 entry.
 {¶ 21} Plaintiffs also appear to argue that, even if the refiling of the complaint occurred beyond the one-year period specified in R.C. 2305.19, a liberal construction of the savings statute allows for a court to extend the time in which the refiling can occur. Plaintiffs argue that the savings statute is procedural and must be liberally construed. In Otworth v. Dept.of Mental Health (Oct. 13, 1992), Franklin App. No. 92AP-555, a plaintiff made a similar argument. In Otworth, the plaintiff argued that R.C. 2305.19 is to be liberally construed, and that the statute "mandates that a cause of action should not fail for an alleged technicality." This court responded to this argument with the following analysis:
* * * The statutory mandate of requiring a refiling in one year is no more technical than a statute of limitations that requires an action in the first instance to be commenced within a specified period of time. While the result here may appear to be harsh, no amount of semantical gymnastics can change the legal effect of the filing of the notice of dismissal. The action was refiled beyond the one-year period required by statute and for the reasons previously stated, the Court of Claims was correct in granting summary judgment. * * *
Here, as was the case in Otworth, the action was refiled beyond the one-year period specified by R.C. 2305.19, and plaintiffs' liberal construction argument fails.
 {¶ 22} Plaintiffs also cite Civ.R. 6(B) as support for a time extension. Civ.R. 6(B) provides as follows:
When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D) and Rule 60(B), except to the extent and under the conditions stated in them.
 {¶ 23} Certainly, the civil rules expressly provide, in particular circumstances, for extensions of time for an act to occur. Id. However, the Third District Court of Appeals determined that, "on its face, a rule 6(B) extension does not apply to statutes of limitations, which we consider R.C. 2305.19
to be." McCullough v. The Budd Co. (July 23, 1992), Wyandot App. No. 16-92-12. The Ninth District Court of Appeals has also determined that "the time-extension provisions of Civ.R. 6(B) are not applicable to Ohio's saving[s] statute, R.C. 2305.19."Williams v. E. L. Transport Co. (1991), 81 Ohio App.3d 108,111. However, we observe that plaintiffs did not move for any extension of time in the trial court pursuant to Civ.R. 6(B). Only now, on appeal, do plaintiffs argue entitlement to a Civ.R. 6(B) extension of time. Based on the foregoing, we find plaintiffs' argument that they were entitled to an extension of time, pursuant to Civ.R. 6(B), to refile the complaint to be without merit.
 {¶ 24} Plaintiffs argue that "both federal and state constitutional provisions require that this case proceed." (Plaintiffs' brief, at 14.) More specifically, plaintiffs argue that the granting of defendant's motion for summary judgment "under the circumstances of this case was tantamount to denying Plaintiffs their rights of redress through due course of law, and deprives them due process in order to pursue their rights to a remedy on the merits." (Plaintiffs' brief, at 16.) As discussed above, the trial court did not err in its granting of defendant's motion for summary judgment because plaintiffs' June 6, 2003 refiling of the lawsuit was untimely under R.C. 2305.19, plaintiffs presented no evidence to support the application of an equitable doctrine such as to extend the specified period for refiling, and plaintiffs were not otherwise entitled to an extension of time in which to refile the lawsuit. Pursuant to the savings statute, R.C. 2305.19, plaintiffs certainly were provided a reasonable period of time to refile the action. We find that plaintiffs were not denied due process of law under the federal or state constitutions.
 {¶ 25} Based on the foregoing, we conclude that the trial court did not err, procedurally or substantively, when it granted defendant's motion for summary judgment. Accordingly, both of plaintiffs' assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed.
Lazarus, P.J., and Brown, J., concur.
[1] R.C. 2305.19 was amended on May 31, 2004.