OPINION *Page 2 
{¶ 1} Appellant Rebecca S. Hughes appeals the decision of the Guernsey County Court of Common Pleas granting Appellee's Motion for Judgment on the Pleadings in her R.C. § 4123.512 Workers Compensation case.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This is a workers' compensation case filed pursuant to R.C.4123.512. Plaintiff-Appellant, Rebecca S. Hughes, ("Hughes") alleged she was injured on March 31, 2003. BWC Claim No. 03-831933 was allowed for the conditions, "strain of right hand, wrist, arm and shoulder."
 {¶ 3} On December 18, 2003, Defendant-Appellee, Federal-Mogul Ignition Co., ("Federal-Mogul") filed a Notice of Appeal in the trial court from a final order of the Industrial Commission in BWC Claim No. 03-831933, granting Hughes the right to participate in the workers' compensation system.
 {¶ 4} On February 24, 2004, Hughes filed a Complaint alleging her right to continue to participate in the workers' compensation system for the conditions, "strain of right hand, wrist, arm and shoulder."
 {¶ 5} On March 8, 2004, Federal-Mogul filed an Answer denying Hughes's right to participate for these conditions.
 {¶ 6} The case was set for trial on December 1, 2004.
 {¶ 7} On November 15, 2004, Hughes voluntarily dismissed her Complaint in the trial court without prejudice pursuant to Civ.R. 41(A)(1)(a). Hughes did not re-file her Complaint within one-year as mandated by R.C.2305.19. *Page 3 
 {¶ 8} On May 2, 2006, Federal-Mogul filed a Motion for Judgment on the Pleadings in the trial court, based upon the Ohio Supreme Court's direct application of R.C. 2305.19 to a workers' compensation appeal filed by an employer in Fowee v. Wesley Hall, Inc. (2006), 108 Ohio St.3d 533,2006-Ohio-1712.
 {¶ 9} On May 5, 2006, the trial court scheduled a hearing without oral argument for May 26, 2006.
 {¶ 10} On May 23, 2006, Hughes filed a Motion for an Extension of Time to File Memorandum Contra.
 {¶ 11} On June 6, 2006, the trial court granted Hughes' Motion for an Extension of Time until June 26, 2006. The trial court also rescheduled the hearing without oral argument for July 5, 2006.
 {¶ 12} On June 26, 2006, Hughes filed a Motion to Re-File Complaint, Instanter in the trial court. Hughes did not serve a copy of this motion upon counsel for Federal-Mogul.
 {¶ 13} On July 5, 2006, Federal-Mogul filed a Memorandum Contra to Plaintiff's Motion to Re-File her Complaint Instanter.
 {¶ 14} On July 13, 2006, the trial court granted the Motion of Defendant, Federal-Mogul Ignition Co. for Judgment on the Pleadings, and also denied Plaintiff's Motion to Re-File Complaint Instanter.
 {¶ 15} It is from this decision that Appellant now appeals, assigning the following error for review: *Page 4 
 ASSIGNMENT OF ERROR {¶ 16} "I. THE TRIAL COURT'S DECISION TO GRANT A MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE OVERTURNED BECAUSE IT CONTRADICTS OHIO WORKERS' COMPENSATION LAW."
 {¶ 17} We must observe at the outset that appellant's counsel failed to comply with Local Appellate Rule 4(A), which requires that a copy of the judgment entry be attached to appellant's brief. This omission by counsel is grounds for sua sponte dismissal of the appeal. See State v.Williams (Feb. 14, 1984), Fairfield App. No. 42-CA-83, unreported. However, we elect here to address the merits of the appeal.
 I. {¶ 18} In her sole assignment of error, appellant maintains that the trial court erred in granting Appellee Federal Mogul Ignition Company's Motion for Judgment on the Pleadings arguing that the granting of said motion is contradictory to Ohio's workers' compensation law. We disagree.
 {¶ 19} Appellant presents two arguments in support of her assignment of error. First, Appellant argues that she is not required to re-file within the one-year time period as mandated by R.C. § 2305.19. Appellant argues that because the Petition in a workers' compensation claim is not jurisdictional, the re-filing of such document within one year should not be mandatory.
 {¶ 20} Appellant's argument is unpersuasive and inconsistent with R.C. § 2305.19, Ohio's savings statute. *Page 5 
 {¶ 21} In Fowee v. Wesley Hall, Inc. 108 Ohio St.3d 533,2006-Ohio-1712, the Ohio Supreme Court held that the Civil Rules and the savings statute apply to workers' compensation appeals.
 {¶ 22} The Supreme Court in Fowee rejected Appellant's argument that non-compliance with statutes of limitation, whether contained in R.C. § 4123.512 or the savings statute, is not fatal to her claim. InFowee, the claimant offered the same argument proposed by Appellant, that, pursuant to Singer Sewing Machine Co. v. Puckett (1964),176 Ohio St. 32, paragraph three of the syllabus, the failure to timely file a petition is not fatal to the claim. Fowee at ¶ 20. The Supreme Court rejected such argument and held that the claimant was entitled to voluntarily dismiss her complaint in an employer appeal; however, the employer is entitled to judgment on its appeal if the claimant fails to re-file a complaint in accordance with R.C. § 2305.19. Id. at ¶ 19.
 {¶ 23} Alternatively, Appellant argues that she was "de facto unrepresented" because during the year following her voluntary dismissal of her claim, her attorney was suffering from an ascending aortic aneurysm with valvular insufficiency and severe sleep apnea. She argues that due to such condition, her attorney failed to re-file her complaint within the one-year time limitation of R.C. § 2305.19. She further argues that such failure to re-file constituted excusable neglect and that she should have been granted the right to file her Complaint Instanter.
 {¶ 24} Appellant's argument that she was entitled to extension due to her attorney's illness fails because the time-extension provisions of Civ.R. 6(B) do not apply to R.C. § 2305.19. Williams v. E. L. Transp.Co. (1991), 81 Ohio App.3d 108, jurisdictional motion overruled, (1991),62 Ohio St.3d 1472. *Page 6 
 {¶ 25} In Williams, supra., a workers' compensation appeal was filed in the court of common pleas. Williams voluntarily dismissed his complaint pursuant to Civ.R. 41(A)(1)(a). Williams attempted to re-file his complaint more than one-year from the date of dismissal. The trial court dismissed Williams action for failure to re-file the complaint within the one-year period granted by R.C. 2305.19. In so doing, the trial court rejected Williams' argument that R.C. 2305.19 is subject to the time-extension provisions of Civ.R. 6(B). In so holding, theWilliams court concluded:
 {¶ 26} "By the express terms of the rule, the time-extension provisions of Civ.R. 6(B) are applicable where an act is required or allowed to be done at or within a specified time, (1) by the Rules of Civil Procedure, excepting Rules 50(B), 59(B) and (D) and 60(B); (2) by notice given under the Rules of Civil Procedure; or (3) by order of court. Had the rulemakers intended that Civ.R. 6(B) be applied to statutory provisions such as R.C. 2305.19, they would have so specified, as they did, for example, with the time-computation provisions of Civ.R. 6(A), which expressly governs the Rules of Civil Procedure, local rules of any court, order of court, or any applicable statute.
 {¶ 27} "We therefore hold that the time-extension provisions of Civ.R. 6(B) are not applicable to Ohio's saving statute, R.C. 2305.19." Id. See also, Ruch v. State of Ohio Dept. of Trans., Franklin App. No. 03AP-1070, 2004-Ohio-6714; Smith v. Continental Airlines, Inc., Cuyahoga App. No. 81010, 2002-Ohio-4181; Rice v. Stouffer Foods Corp. (Nov. 6, 1997), Cuyahoga App. No. 72515, 1997 Ohio App. LEXIS 4872; Holmes v.Pipeline Development Co. (Feb. 17, 2000), Cuyahoga App. No. 76835, 2000 Ohio App. LEXIS 595; McCullough v. The Budd Co. (Jul. 23, 1992), Wyandot App. No. 16-92-12, 1992 Ohio App. LEXIS 4113. *Page 7 
 {¶ 28} Based on the foregoing, we find Appellant's arguments not well-taken.
 {¶ 29} Appellant's sole assignment of error is overruled
 {¶ 30} The judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
 Wise, J. Gwin, P. J., and Hoffman, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1