[Cite as *Emery v. State Farm Ins.*, 2015-Ohio-4056.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Elisabeth Emery, et al.                                         Court of Appeals No. S-15-010

       Appellants                                          Trial Court No. 15 CV 13

v.

State Farm Insurance, et al.                              **DECISION AND JUDGMENT**

       Appellees                                            Decided:  September 30, 2015

* * * * *

Elisabeth Emery, pro se.

J. Mark Trimble, Tracy B. Selis, for appellee, State Farm
Mutual Insurance, Co.

Micheael E. Lyford, for appellee, All Ohio Transportation Clyde 101 LLC.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Elisabeth Emery, appeals from the February 25, 2015 judgment

of the Sandusky County Court of Common Pleas, which dismissed her complaint

pursuant to Civ.R. 12(B)(6) because it was filed beyond the statute of limitations. For the reasons that follow, we affirm, in part, and reverse, in part.

{¶ 2} The facts taken from the complaint are as follows. On December 31, 2012, appellant was involved in a single-car rollover accident. She alleges that the accident was caused by the presence of snow and sludge on the road, which was placed there by appellee, All Ohio Transportation Clyde 101 LLC ("All Ohio"), when it plowed its driveway.

{¶ 3} On January 5, 2015, appellant, along with her husband, Roger Emery,[1] filed a pro se complaint against All Ohio, and against appellant's auto insurer, appellee, State Farm Insurance ("State Farm"). The complaint presented five counts. Counts One and Two alleged negligence and negligence per se, respectively, against All Ohio. Counts Three and Four alleged that State Farm is obligated to pay medical and related expenses, and to provide uninsured and/or underinsured motorists coverage. Count Five does not allege a cause of action, but simply states that "At all relevant times, Plaintiff, Roger Emery was the owner of the Dodge Durango involved in the accident."

{¶ 4} Along with the complaint, appellant also filed a "Request for Filing Extension," in which she asked the court to extend the filing date one business day, explaining that she had attempted to file the complaint on December 31, 2014, but the clerk's office was closed. She then attempted to file the complaint on Friday, January 2,

---

[1] Roger Emery is not included on the notice of appeal.

2.

2015, but was stuck in traffic. She stated that she called the clerk's office and requested that they stay open an additional ten minutes so that she could file the complaint. When she arrived at the courthouse at 4:28 p.m., she found that the outside doors were locked. Appellant further explained that in the months prior to the filing deadline, she had been in a separate accident that rendered her car unreliable, preventing her from filing earlier.

{¶ 5} On January 6, 2015, the trial court found appellant's request for an extension reasonable, and thus found her complaint to be within the statute of limitations.

{¶ 6} Thereafter, on February 4, 2015, All Ohio filed a Civ.R. 12(B)(6) motion to dismiss the complaint on the grounds that it was outside of the two-year statute of limitations for claims of personal injury and property damage provided in R.C. 2305.10.[2] Further, All Ohio argued that none of the statutorily provided exceptions to the two-year time limit applied to appellant's complaint. All Ohio contended that even if the clerk's office was closed on December 31, 2014, appellant was required to file the complaint by January 2, 2015, the next succeeding business day. *See* R.C. 1.14 ("When a public office in which an act, required by law, is to be performed is closed to the public for the entire day that constitutes the last day for doing the act or before its usual closing time on that day, the act may be performed on the next succeeding day that is not a Sunday or a legal holiday as defined in this section."). In this case, appellant failed to do so. Therefore, All Ohio concluded that her complaint must be dismissed as beyond the statute of limitations.

---

[2] R.C. 2305.10(A) provides, "[A]n action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues."

3.

**{¶ 7}** On February 5, 2015, State Farm filed an answer to appellant's complaint, in which it denied appellant's allegations and raised numerous affirmative defenses, including that the complaint was filed beyond the statute of limitations. State Farm's answer also included a cross-claim, alleging that it is entitled to contribution and/or indemnity from All Ohio. State Farm, however, did not file a motion to dismiss. All Ohio did not respond to the cross-claim.

**{¶ 8}** On February 25, 2015, the trial court entered its judgment granting All Ohio's motion to dismiss. In its entry, the court noted that State Farm had filed an answer which also raised the affirmative defense of failure to comply with the statute of limitations. The court stated that, upon review of the law, there is no basis to extend the time period for filing beyond the statutory limits. Thus, the trial court vacated its prior January 6, 2015 entry, and dismissed appellant's complaint as untimely.

<b>Assignments of Error</b>

**{¶ 9}** Appellant, pro se, has appealed the trial court's February 25, 2015 decision, asserting two assignments of error for our review:

I. Was the trial court in error in dismissing the complaint as untimely when State Farm's contract with Plaintiff states that the medical claim is extended to three years.

II. Was the trial court operating outside the normal operating hours by locking the Courthouse doors early on Friday, January 2, 2015, after improperly closing without public notification on December 31, 2014.

4.

Thus falling under the umbrella of excusable neglect permitting an extension of time for filing.

**Analysis**

{¶ 10} We review an order granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. "In reviewing whether a motion to dismiss should be granted, we accept as true all factual allegations in the complaint." *Id.*

**Claims against State Farm**

{¶ 11} We will begin our analysis with appellant's first assignment of error. In that assignment, appellant argues that the trial court erred in dismissing her claims against State Farm for uninsured/underinsured motorist coverage and for payment of medical expenses because her contract extended the time for filing medical claims to three years.

{¶ 12} State Farm, addressing appellant's claims separately, first argues that the trial court did not err in dismissing the uninsured/underinsured motorist claim because appellant is not entitled to that coverage pursuant to the terms of the policy. State Farm explained that appellant does not qualify for coverage because, due to her failure to file the claim against All Ohio within the two-year statute of limitations, she did not protect State Farm's subrogation rights against All Ohio and is no longer legally entitled to recover damages against All Ohio, both of which are preconditions to coverage.

5.

{¶ 13} Turning to appellant's claim regarding medical payments coverage, State Farm states in its amended brief that it has paid the bills that were submitted by appellant. Nevertheless, State Farm requests that the case be remanded to the trial court on that claim so that counsel can seek to have it dismissed as not ripe due to appellant's failure to supply any medical bills or records that have not been paid by State Farm.

{¶ 14} Upon review, we find that the trial court erred in dismissing appellant's complaint as against State Farm. Notably, State Farm did not file a motion to dismiss the claims, instead choosing to file an answer with affirmative defenses. Thus, we must conclude that the trial court dismissed her claims sua sponte. Relative to this subject, the Ohio Supreme Court has stated that "The Rules of Civil Procedure neither expressly permit nor forbid courts to *sua sponte* dismiss complaints." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). "Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." *Id.* "However, some courts have recognized an exception to the general rule, allowing *sua sponte* dismissal without notice where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint." *Id.*

{¶ 15} Here, the trial court did not give appellant notice of its intention to dismiss the claims against State Farm, nor did it give her an opportunity to respond. Furthermore, her claims against State Farm are not outside the statute of limitations. Unlike her tort

6.

claims against All Ohio, appellant's claims against State Farm sound in contract, which is subject to an eight-year statute of limitations pursuant to R.C. 2305.06. *See Miller v. Progressive Cas. Ins. Co.*, 69 Ohio St.3d 619, 624, 635 N.E.2d 317 (1994) (an action by an insured against an insurance carrier for payment of benefits is a cause of action sounding in contract). Therefore, we hold that the trial court erred in sua sponte dismissing appellant's claims against State Farm.[3]

{¶ 16} Accordingly, appellant's first assignment of error is well-taken.

{¶ 17} In appellant's second assignment of error, she contends that her complaint should not be viewed as outside of the two-year statute of limitations for tort claims. Citing Civ.R. 6(B)(2), appellant argues that her late filing falls under the umbrella of excusable neglect because the court closed without notice on December 31, 2014, and because she was stuck in traffic and the court closed two minutes early on January 2, 2015.[4] Civ.R. 6(B)(2) provides,

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

---

[3] In so holding, the court makes no finding with respect to whether appellant's claims against State Farm are meritorious.

[4] Notably, the record contains nothing of evidentiary quality indicating that the court did, in fact, close two minutes early on January 2, 2015.

7.

{¶ 18} However, numerous Ohio courts have held that the time-extension provisions under Civ.R. 6(B) apply only to an act to be done pursuant to (1) the civil rules, (2) a notice given under the civil rules, or (3) an order of the court, and do not apply to acts to be done pursuant to statutory provisions, such as R.C. 2305.10. *See, e.g., Williams v. E. & L. Transport Co.*, 81 Ohio App.3d 108, 110, 610 N.E.2d 491 (9th Dist.1991); *Hughes v. Fed. Mogul Ignition Co.*, 5th Dist. Guernsey No. 06 CA 27, 2007-Ohio-2021, ¶ 27; *Ruch v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 03AP-1070, 2004-Ohio-6714, ¶ 23; *McCullough v. Budd Co.*, 3d Dist. Wyandot No. 16-92-12, 1992 WL 180096, *2 (July 23, 1992).

{¶ 19} Here, the two year statute of limitations ran on December 31, 2014. Because the court was closed that day, appellant was required to file her complaint on the following business day, January 2, 2015. Appellant failed to do so. Therefore, because appellant filed her complaint outside of the statute of limitations, the trial court did not err in dismissing her claims for personal injury and property damage in Counts One and Two against All Ohio.

{¶ 20} Accordingly, appellant's second assignment of error is not well-taken.

{¶ 21} As a final matter, we note that the trial court also sua sponte dismissed Count Five. That count, however, was not directed at either appellee and did not allege a cause of action. Thus, appellant could not possibly have prevailed on the count, and we find no error in the trial court's dismissal of it. *See State ex rel. Edwards*, 72 Ohio St.3d at 108, 647 N.E.2d 799.

8.

## Conclusion

**{¶ 22}** For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is affirmed, in part, and reversed, in part. The trial court's dismissal of Counts One and Two against All Ohio, and Count Five, is affirmed. The trial court's dismissal of Counts Three and Four against State Farm is reversed, and the matter is remanded to the Sandusky County Court of Common Pleas for further proceedings on those counts, and on State Farm's cross-claim against All Ohio. Pursuant to App.R. 24, appellant and State Farm are ordered to share the costs of this appeal.

Judgment affirmed, in part
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.