[Cite as *Shue v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-443.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jonathan Shue, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-432 |
| v. | : | (Ct. of Cl. No. 2016-00165) |
| Ohio Department of | : | (REGULAR CALENDAR) |
| Rehabilitation & Correction, | | |
| | : | |
| Defendant-Appellee. | | |
| | : | |

D E C I S I O N

Rendered on February 7, 2017

**On brief:** *The Law Office of Brian Jones, LLC*, *Brian G. Jones*, and *Elizabeth E. Osorio*, for appellant. **Argued:** *Elizabeth E. Osorio.*

**On brief:** *Michael DeWine*, Attorney General, *Daniel R. Forsythe*, and *Jeanna V. Jacobus*, for appellee. **Argued:** *Jeanna V. Jacobus.*

APPEAL from the Ohio Court of Claims

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Jonathan Shue, appeals a May 6, 2016 decision of the Ohio Court of Claims dismissing his case as having been filed both beyond the statute of limitations and Ohio's savings statute. Because the savings statute gives a litigant one year to refile a voluntarily dismissed case and because Shue dismissed initially on March 2, 2015 and did not refile until March 3, 2016, we agree that his case was untimely filed and affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 3, 2016, Shue filed a complaint in the Ohio Court of Claims alleging nontreatment and negligent treatment of a spinal injury sustained while in the

No. 16AP-432

custody of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). (Mar. 3, 2016 Compl.) According to the face of the complaint, the alleged tortious conduct occurred during 2011 and 2012. (Compl. at ¶ 5-78.) Consequently on March 25, 2016, the ODRC moved to dismiss Shue's complaint as outside the statute of limitations. (Mar. 25, 2016 Mot. to Dismiss.)

{¶ 3} In its motion, the ODRC noted that Shue had previously filed an identical action on November 18, 2013 (Mot. to Dismiss at 3-5; *see also* Nov. 18, 2013 Compl. in Case No. 2013-00685), but he voluntarily dismissed on March 2, 2015 before a final judgment. (Mot. to Dismiss at 3-5; *see also* Mar. 2, 2015 Voluntary Dismissal in Case No. 2013-00685). As Shue did not refile his case until March 3, 2016, the ODRC argued that Shue's complaint was not saved by Ohio's one-year savings statute, R.C. 2305.19(A). (Mot. to Dismiss at 3-5.) After full briefing by the parties, the Ohio Court of Claims issued a decision on May 6, 2016 agreeing that Shue's action was untimely, having missed the one-year savings statute by one day. (May 6, 2016 Decision.)

{¶ 4} Shue now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 5} Shue assigns a single error for our review:

> THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF'S COMPLAINT AS UNTIMELY FILED.

## III. DISCUSSION

{¶ 6} Dismissal of a cause of action is proper on statute of limitations grounds if the complaint "conclusively show[s] on its face the action is barred by the statute of limitations." *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus; *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 60 (1974); *see also* Civ.R. 12(B). In Ohio the statute of limitations for medical malpractice actions is one year. R.C. 2305.113(A). But Shue's claim may not have entirely consisted of a medical claim. *See, e.g., Foster v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-503, 2013-Ohio-912, ¶ 32-35. Yet, even if it did not solely consist of a medical claim, the longest the statute of limitations could have been in this case was two years because the case was brought in the Court of Claims. R.C. 2743.16(A). As this Court has previously explained:

No. 16AP-432

> Pursuant to R.C. 2743.16(A), "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." The General Assembly "clearly intended for [the] two-year limitation period [set forth in R.C. 2743.16(A)] to take precedence over all other statutes of limitation in the Revised Code at large." *Simmons v. Ohio Rehab. Servs. Comm.*, 10th Dist. No. 09AP-1034, 2010 Ohio 1590, ¶ 6; *see also Grenga v. Youngstown State Univ.*, 10th Dist. No. 11AP-165, 2011 Ohio 5621, ¶ 17; *Windsor House, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 09AP-584, 2010 Ohio 257, ¶ 20. Therefore, the longest limitations period applicable to actions in the Court of Claims is two years. *Grenga* at ¶ 18.

*Cargile v. Ohio Dept. of Admin. Servs.*, 10th Dist. No. 11AP-743, 2012-Ohio-2470, ¶ 12.

{¶ 7} On the face of the complaint, the tortious conduct in this case took place in 2011 and 2012. (Compl. at ¶ 5-78.) Moreover, the alleged torts described in the complaint (failing to provide necessary care upon request of Shue) concern incidents about which Shue would have had direct knowledge at the time when they occurred—because they involved harm to him. (Compl. in passim.) Accordingly, whether the statute of limitations is one or two years, the action filed on March 3, 2016 was easily beyond the statute of limitations for the Court of Claims unless it was saved by Ohio's savings statute.

{¶ 8} Ohio Revised Code Section 2305.19 permits a plaintiff whose case "fails otherwise than upon the merits" to recommence a lawsuit "within one year after the date of * * * the plaintiff's failure otherwise than upon the merits." R.C. 2305.19(A). "A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the savings statute, R.C. 2305.19." *Frysinger v. Leech*, 32 Ohio St.3d 38 (1987), paragraph two of the syllabus; *Ruch v. Ohio Dept. of Trans.*, 10th Dist. No. 03AP-1070, 2004-Ohio-6714, ¶ 9. Thus, a plaintiff like Shue may recommence a lawsuit within one year after the date of a voluntary dismissal.

{¶ 9} Shue's brief suggests that the dismissal filed on March 2, 2015 was not effective until the Court of Claims noted the dismissal and assessed costs on March 6, 2015. (Shue Brief at 2, 9; Mar. 6, 2015 Entry on Costs.) However, "[i]t is well-established that a voluntary dismissal without prejudice pursuant to Civ.R. 41(A) is effective as of the date of the filing, not the date the trial court acknowledges the dismissal in a journal

No. 16AP-432

entry." *Rinicella v. Rubino*, 8th Dist. No. 73150 (July 30, 1998); *see also, e.g., Andrews v. Sajar Plastics, Inc.*, 98 Ohio App.3d 61, 66 (11th Dist.1994) ("A Civ.R. 41(A)(1)(a) dismissal is self-executing and gives a plaintiff an absolute right to terminate his or her cause of action voluntarily and unilaterally at any time prior to commencement of trial without order of the court, and without giving notice to opposing counsel."); *Clay Hyder Trucking Lines, Inc. v. Riley*, 16 Ohio App.3d 224 (1st Dist.1984) (dismissal voluntarily and unilaterally filed at 8:28 a.m., even without notice to the other party, meant that at 8:30 there was no action pending and the trial which began at 9:10 was a nullity). Thus the dismissal in this case was effective when filed on March 2, 2015.

{¶ 10} Shue observes that Civ.R. 6(A) provides that, when computing time, the date of the event that begins the period is not counted. (Shue Brief at 8-10); *see also* Civ.R. 6(A) ("In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included.") Shue then concludes that since March 2 was not to be counted, the year began to run on March 3, 2015 and thus his March 3, 2016 filing was timely. (Shue Brief at 6-10.) This conclusion is inoperable. One year from any given calendar day (not counting the calendar day itself) is always the anniversary of that day. For example, 365 days (or one year) from December 25, 2016, not counting December 25, 2016, is December 25, 2017. Because if a person were to start counting days at "1" on December 25, 2016, the counter would reach "365" on December 24, 2017. In the same manner, one year[1] from March 2, 2015, not counting March 2, 2015, was March 2, 2016. Thus the filing on March 3, 2016 was not "within one year" of the voluntary dismissal. *See, e.g., Crump v. Batie*, 2d Dist. No. 2012 CA 69, 2013-Ohio-2345, ¶ 2, 10-14 (litigants who voluntarily dismissed on March 15, 2011 filed one day late when they refiled on March 16, 2012); *Hawkins v. Innovative Property Mgt.*, 9th Dist. No. 23122, 2006-Ohio-6153, ¶ 2, 9-14 (litigant who voluntarily dismissed on May 19, 2003 filed one day late when she refiled on May 20, 2004). Shue's action was not saved by Ohio's savings statute.

{¶ 11} Shue finally argues that his counsel acted with excusable neglect in mailing the filing from Delaware, Ohio on February 29, 2016 at 5:23 p.m. in the belief that it

---

[1] One year in this case was 366 days since 2016 was a leap year, and the relevant time period included February 29, 2016.

No. 16AP-432

would arrive at the Court of Claims in Columbus by the close of business on March 2, 2016. (Shue Brief at 10-11, Ex. B.)  Ohio Rule of Civil Procedure 6(B) provides that, "[w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

{¶ 12} While Civ.R. 6(A) specifically applies to deadlines set by "any applicable statute," Civ.R. 6(B) does not apply to statutes, but rather to deadlines set by rules, notices, and court orders. *Compare* Civ.R. 6(A) *with* Civ.R. 6(B).  Hence, as several courts have noted, Civ.R. 6(B)'s excusable neglect provisions cannot excuse non-compliance with the <u>statute</u> of limitations (which includes R.C. 2305.19). *Hughes v. Fed. Mogul Ignition Co.,* 5th Dist. No. 06 CA 27, 2007-Ohio-2021, ¶ 23-28; *Ruch* at ¶ 22-23; *Williams v. E. & L. Transp. Co.,* 81 Ohio App.3d 108, 110-11 (9th Dist.1991) ; *see also McCullough v. Budd Co.,* 3d Dist. No. 16-92-12 (July 23, 1992) (Rule 60(B) excusable neglect also does not excuse compliance with R.C. 2305.19).  While we certainly agree that missing the statute of limitations deadline in a case involving alleged paralysis was neglectful, as a matter of law such neglect cannot be considered excusable under Civ.R. 6(B).[2]

{¶ 13}  Shue's assignment of error is overruled.

## IV. CONCLUSION

{¶ 14} Shue's complaint was not timely filed and was not saved by the one-year savings statute, because the filing date, March 3, 2016, was more than one year after the prior, voluntary dismissal of his complaint on March 2, 2015.  Therefore, we affirm the judgment of the Ohio Court of Claims.

*Judgment affirmed.*

TYACK, P.J. and KLATT, J., concur.

_____

[2] We also note that Shue did not make a motion in the Court of Claims for relief from the deadline due to excusable neglect and raises the issue for the first time on appeal.