EILEEN T. GALLAGHER, P.J.:
{¶ 1} Plaintiffs-appellants, Ylli and Mirela Agaj (together "appellants"), appeal from the trial court's judgment dismissing their complaint against defendants-appellees, University Hospitals Health System, et al. (collectively "UH") with prejudice. Appellants raise the following assignment of error for review:
1. The trial court erred and abused its discretion in not permitting appellants to *332 refile their complaint by showing that the negligence in delaying the refiling was excusable.
{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.
I. Procedural and Factual History
{¶ 3} On November 4, 2015, appellants filed a complaint against UH, alleging that Mr. Agaj received negligent medical care in May 2014 that resulted in permanent injuries, loss of income, and other damages. On April 27, 2016, appellants filed a notice of voluntary dismissal pursuant to Civ.R. 41(A).
{¶ 4} On May 2, 2017, appellants filed a motion captioned "request to file complaint instanter." In the motion, appellants acknowledged that their complaint was not refiled within one year of the notice of voluntary dismissal as required by Ohio's savings statute, R.C. 2305.19. However, appellants requested leave to refile their complaint based on their belief that counsel's failure to comply with the time requirements of the savings statute was the result of excusable neglect.
{¶ 5} On May 16, 2017, UH filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. UH argued that appellants' claims were untimely because the complaint was not refiled within one year of the voluntary dismissal in accordance with the savings statute.
{¶ 6} Appellants opposed the motion to dismiss, reiterating their position that the failure to comply with the savings statute was the result of counsel's excusable neglect.
{¶ 7} On June 14, 2017, the trial court denied appellants' motion for leave and granted UH's motion to dismiss, stating, in relevant part:
Plaintiffs dismissed their initial complaint without prejudice on 4/27/2016. Plaintiffs did not refile their complaint until 5/2/2017. Plaintiffs failed to refile their complaint within one year of their dismissal and therefore their claims are now time[-]barred, pursuant to R.C. 2305.113(A) and 2305.19(A). Plaintiffs' complaint is dismissed with prejudice.
{¶ 8} Appellants now bring this timely appeal.
II. Law and Analysis
{¶ 9} In their sole assignment of error, appellants argue the trial court erred by dismissing their complaint with prejudice.
{¶ 10} A motion to dismiss for failure to state a claim on which relief can be granted tests the sufficiency of the complaint. Volbers-Klarich v. Middletown Mgt. , 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11 (2010). In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. Id. at ¶ 12 ; LeRoy v. Allen, Yurasek & Merklin , 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14. A court may dismiss a claim under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the face of the complaint conclusively shows that the claim is time barred. Ohio Bur. of Workers' Comp. v. McKinley , 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 13. Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. Id. at ¶ 12.
{¶ 11} Ohio's savings statute, R.C. 2305.19, affords a plaintiff a limited period of time to refile a dismissed claim that would otherwise be time barred. The statute provides, in part:
In any action that is commenced or attempted to be commenced, * * * if the *333 plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.
R.C. 2305.19(A).
{¶ 12} Thus, " '[i]n certain instances, [ R.C. 2305.19 ] operates to save timely filed actions by permitting a party to refile its complaint or file a new action * * *' within one year of a failure otherwise than on the merits." Vaught v. Pollack , 8th Dist. Cuyahoga No. 103819, 2016-Ohio-4963, 2016 WL 3763136, ¶ 12, quoting Allegretti v. York , 8th Dist. Cuyahoga No. 101231, 2014-Ohio-4480, 2014 WL 5089073, ¶ 15. A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than on the merits within the meaning of the savings statute. Frysinger v. Leech , 32 Ohio St.3d 38, 512 N.E.2d 337 (1987), paragraph two of the syllabus; Ruch v. Ohio Dept. of Transp. , 10th Dist. Franklin No. 03AP-1070, 2004-Ohio-6714, 2004 WL 2893150, ¶ 9.
{¶ 13} In this case, appellants do not dispute that the applicable statute of limitations period for their claims expired before the complaint was refiled on May 2, 2017.[1] In addition, appellants concede that counsel failed to refile the complaint within one year of the voluntary dismissal. Nevertheless, appellants argue the trial court erred by dismissing their complaint and denying their motion for leave where the failure to comply with R.C. 2305.19 was the result of excusable neglect.
{¶ 14} In their brief in opposition to UH's motion to dismiss, the appellants attached an affidavit from a paralegal who was employed by appellants' counsel. In the affidavit, the paralegal averred that on or about April 27, 2017, she was working on appellants' complaint when she became ill and went home for the day. The paralegal claimed that she attempted to file the complaint with the trial court from home, but "was unable to enter the court's e-filing system." Therefore, the paralegal did not file the complaint until she returned to the office on May 2, 2017.
{¶ 15} Appellants submit that the circumstances that prevented counsel from refiling the complaint within the one-year time period set forth in R.C. 2305.19 amounted to excusable neglect as defined by the Ohio Civil Rules of Procedure. In support of their position, appellants cite Civ.R. 6(B)(2) and 60(B), procedural rules that excuse a party's failure to act in a timely manner under certain circumstances if the party can establish excusable neglect. Civ.R. 6(B) provides that if a civil rule specifies a time limit for any act, a court can still allow the act after the expiration of the stated time period, where the failure to act in a timely manner was the result of excusable neglect. Civ. R. 60(B) applies to motions for relief from judgment and provides for the use of excusable neglect as a basis for a time extension when a party so moves the court.
{¶ 16} After careful consideration, we adopt holdings from other appellate districts that have rejected similar arguments and hold that the exceptions for excusable neglect under Civ.R. 6 and 60(B) are not applicable to R.C. 2305.19. See Williams v. E. & L. Transp. Co. , 81 Ohio App.3d 108, 111, 610 N.E.2d 491 (9th Dist.1991) (holding that the time-extension provisions for excusable neglect under Civ.R. 6(B) is not applicable to Ohio's saving statute, *334 R.C. 2305.19 ); McCullough v. Budd Co. , 3d Dist. Wyandot No. 16-92-12, 1992 WL 180096, *2 (July 23, 1992) (" Rule 60(B) excusable neglect also does not excuse compliance with R.C. 2305.19."). See also Shue v. Ohio Dept. of Rehab. & Corr. , 10th Dist. Franklin No. 16AP-432, 2017-Ohio-443, 2017 WL 495596, ¶ 12 ("as several courts have noted, Civ.R. 6(B)'s excusable neglect provisions cannot excuse non-compliance with the statute of limitations (which includes R.C. 2305.19 ).") citing Hughes v. Fed. Mogul Ignition Co. , 5th Dist. Guernsey No. 06 CA 27, 2007-Ohio-2021, 2007 WL 1226416, ¶ 23-28 ("Appellant's argument that she was entitled to extension due to her attorney's illness fails because the time-extension provisions of Civ.R. 6(B) do not apply to R.C. 2305.19."); Ruch v. State of Ohio Dept. of Trans. , 10th Dist. Franklin No. 03AP-1070, 2004-Ohio-6714, 2004 WL 2893150, ¶ 22-23.
{¶ 17} Although appellants attempt to show, through the paralegal's affidavit, that the failure to comply with the savings statute amounted to excusable neglect because it was not done intentionally, this is not the type of mistake the civil rules contemplate. Harris v. O'Brien , 8th Dist. Cuyahoga Nos. 86218 and 86323, 2006-Ohio-109, 2006 WL 73452, ¶ 25. As this court has stated, "[t]he statute of limitations period and R.C. 2305.19 would be meaningless if attorneys could claim mistake for missing clear deadlines." Id. Regardless of the circumstances that led to the untimely filing, appellants were not relieved from having to comply with the express time restrictions set forth in R.C. 2305.19.
{¶ 18} Based on the foregoing, we find the trial court did not err by granting UH's motion to dismiss for failure to state a claim. Appellants' complaint was not timely refiled under the one-year savings statute because the refiling date, May 2, 2017, was more than one year after the voluntary dismissal of their original complaint filed on April 27, 2016.
{¶ 19} Appellants' sole assignment of error is overruled.
{¶ 20} Judgment affirmed.
MELODY J. STEWART, J., and PATRICIA ANN BLACKMON, J., CONCUR

Pursuant to R.C. 2305.113(A), "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued."