[Cite as *Glenn v. The Ohio State Univ.*, 2018-Ohio-2610.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Asia R. Glenn, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 17AP-732 (Ct. of Cl. No. 2017-336) |
| The Ohio State University, | : | |
| Defendant-Appellee. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on June 29, 2018

**On brief:** *Asia R. Glenn*, pro se. **Argued:** *Asia R. Glenn.*

**On brief:** *Michael DeWine*, Attorney General, and *Amy S. Brown*, for appellee. **Argued:** *Amy S. Brown.*

APPEAL from the Court of Claims of Ohio

TYACK, J.

{¶ 1} Asia R. Glenn is appealing from the dismissal of her lawsuit, pursuant to Civ.R. 12(B)(6), against The Ohio State University ("OSU") in the Court of Claims of Ohio. She assigns three errors for our consideration:

> [I.] The Court of Claims erred by discriminating against federal causes of action.
>
> [II.] The Court of Claims erred by denying equal protection of the law through its unconstitutional application of R.C. 2743.16A.
>
> [III.] The Court of Claims erred when it failed to apply the doctrine of equitable tolling to Glenn's state law discrimination claims in the face of extenuating circumstances.

{¶ 2}   Glenn alleged in her lawsuit that she was the victim of racial discrimination and filed a complaint for wrongful termination on the basis of racial discrimination pursuant to Title VII of the Civil Rights Act of 1964 and R.C. Chapter 4112, as well as claims for retaliation and intentional infliction of emotional distress.  State courts have concurrent subject-matter jurisdiction with federal courts over actions brought pursuant to Title VII of the Civil Rights Act of 1964 and the Court of Claims has exclusive, original subject-matter jurisdiction over Title VII actions seeking money damages against a state employer. *Manning v. Ohio State Library Bd.*, 62 Ohio St.3d 24 (1991).

{¶ 3}   A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992).  In construing the complaint, the material allegations of the complaint are taken as admitted. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  As an appellate court, we must independently review the complaint to determine if dismissal was appropriate.  *McGlone v. Grimshaw*, 86 Ohio App.3d 279, 285 (4th Dist.1993).  A motion to dismiss or a motion for judgment on the pleading based on the bar of the statute of limitations should be granted only if the complaint conclusively demonstrates on its face that the action is barred by the statute of limitations.  *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus.

{¶ 4}   Glenn filed her lawsuit more than two years after her firing by OSU.  The Court of Claims dismissed her claims because she filed her lawsuit after the two-year statute of limitations for lawsuits against state entities had lapsed.  On appeal, she contests that dismissal.

{¶ 5}   R.C. 2743.16(A) reads:

> Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties.

{¶ 6}   There is no question that Glenn did not file her lawsuit within two years.  She argues that the longer federal time period should be allowed.  We have consistently rejected that proposition.  As for instance, *Coleman v. Columbus State Community College*, 10th

Dist. No. 15AP-119, 2015-Ohio-4685, and *Cargile v. Ohio Dept. of Admin. Servs.*, 10th Dist. No. 11AP-743, 2012-Ohio-2470. We follow those cases again.

{¶ 7} The first assignment of error is overruled.

{¶ 8} We do not view applying the two-year statute of limitations set forth in R.C. 2743.16(A) to everyone as denying equal protection to anyone. If we were to pick and choose which parties are subject to the mandate of R.C. 2743.16(A), an equal protection problem could arise. Applying it to everyone means everyone is treated equally.

{¶ 9} The second assignment of error is overruled.

{¶ 10} Part of Glenn's argument in the third assignment of error is the fact that she was not well represented by an attorney she hired to assist her. The second part is the fact that the Equal Employment Opportunity Commission ("EEOC") failed to act promptly on her complaint seeking a right to sue letter. She asserts that, had the right to sue letter been properly and timely processed, she would have filed her lawsuit within the two years allowed by R.C. 2743.16(A). However, she did receive the right to sue letter on January 13, 2017, which was more than one month before the two years permitted by R.C. 2743.16(A) had lapsed.

{¶ 11} Glenn claims that the failure of her attorney to properly represent her compounded the delays at the EEOC resulting in the late filing. We do not express an opinion as to whether Glenn has a legal malpractice claim against her former attorney. We only hold that the judge in the Court of Claims did not abuse his discretion by refusing to extend the time for filing authorized by R.C. 2743.16(A).

{¶ 12} The third assignment of error is overruled.

{¶ 13} All three assignments of error having been overruled, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

_____