[Cite as *Johnson v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-2155.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Keevon Johnson, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 22AP-61 |
| v. | : | (Ct. of Cl. No. 2021-00413JD) |
| [Ohio Department of Rehabilitation and Correction], | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on June 23, 2022

**On brief:** *Keevon Johnson*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Amy S. Brown*, for appellee.

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Keevon Johnson, appeals from a judgment of the Court of Claims of Ohio granting the Civ.R. 12(B)(6) motion to dismiss filed by defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the reasons which follow, we affirm.

**I. Facts and Procedural History**

{¶ 2} On July 23, 2021, appellant filed a complaint against ODRC alleging negligence. Appellant alleged that on January 10, 2019, while he was an inmate at a correctional facility, ODRC required the inmates in appellant's housing unit to submit to urine analysis testing. Appellant alleged his urine sample was negative for drugs, but that

another inmate in his unit tested positive for fentanyl. Appellant claimed ODRC then negligently destroyed all of his personal property, as ODRC "did not feel that the property was decontaminated enough." (Compl. at ¶ 5.) Appellant was issued a conduct report, charged with a rule violation, and transferred to a maximum security facility following the January 10, 2019 incident.

{¶ 3} On September 21, 2021, ODRC filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim, asserting the two-year statute of limitations in R.C. 2743.16(A) barred appellant's negligence claim. Appellant filed a reply to ODRC's motion to dismiss, stating that his cause of action did not accrue "until after his [prison] appeal was affirmed," in either "late February or mid March of 2019." (Oct. 12, 2021 Reply at 1.) Appellant further asserted that the Supreme Court of Ohio's order tolling time during the COVID-19 pandemic, excusable neglect, and his actual innocence excused any non-compliance with the statute of limitations.

{¶ 4} On December 27, 2021, the Court of Claims rejected appellant's arguments and granted ODRC's motion to dismiss. The court held that, even accepting appellant's contention his claim accrued in March 2019, the complaint was still "filed outside the two-year limitation on actions in R.C. 2743.16(A)." (Decision at 4.)

## II. Assignment of Error

{¶ 5} Appellant appeals and assigns the following sole assignment of error for our review:

> THE LOWER COURT ABUSED ITS DISCRETION WHEN DISMISSING APPELLANT'S CLAIM WHEN APPELLANT GAVE GOOD CAUSE IN SHOWING EXCUSABLE NEGLECT IN NOT MEETING THE TWO-YEAR TIME LIMITATIONS FOR FILING SUIT, WHEREBY VIOLATING APPELLANT'S DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION, AS WELL AS ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION.

## III. Analysis

{¶ 6} Appellant's sole assignment of error asserts the Court of Claims erred by dismissing the case, as appellant established excusable neglect for his untimely complaint.

{¶ 7} Appellate review of a judgment rendered on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery. *Id.*; *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint on a Civ.R. 12(B)(6) motion to dismiss, the court must presume the truth of all the allegations of the complaint and make all reasonable inferences in favor of the non-moving party. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991). A court should grant a Civ.R. 12(B)(6) motion to dismiss based on the bar of a statute of limitations "only if the complaint conclusively demonstrates on its face that the action is barred by the statute of limitations." *Glenn v. Ohio State Univ.*, 10th Dist. No. 17AP-732, 2018-Ohio-2610, ¶ 3, citing *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus. *Accord Jones v. Chillicothe Corr. Inst.*, 10th Dist. No. 11AP-758, 2012-Ohio-1762, ¶ 4, citing *Leichliter v. Natl. City Bank of Columbus*, 134 Ohio App.3d 26 (10th Dist.1999).

{¶ 8} R.C. 2743.16(A) provides that "civil actions against the state permitted by [R.C. 2743.01 to 2743.20] shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." *See Marok v. Ohio State Univ.*, 10th Dist. No. 13AP-12, 2014-Ohio-1184, ¶ 25, quoting *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998) (stating the "general rule" that " 'a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed' "). Although appellant's complaint alleged ODRC negligently destroyed his property on January 10, 2019, appellant contends his claim accrued after his prison appeal process concluded, at the latest, in March 2019. (Appellant's Brief at 2.) However, whether appellant's claim accrued on January 10, 2019 or in March 2019, appellant's July 23, 2021 complaint was filed over two years beyond either date.

Accordingly, appellant's complaint conclusively demonstrated that the action was barred by the statute of limitations in R.C. 2743.16(A).

{¶ 9} Appellant contends the Supreme Court's order tolling time during the COVID-19 pandemic rendered his complaint timely. On March 27, 2020, the Supreme Court issued an administrative action acknowledging that on March 27, 2020, the Governor of Ohio signed Am.Sub.H.B. No. 197 into law which tolled, retroactive to March 9, 2020, "all statutes of limitation, time limitations, and deadlines in the Ohio Revised Code" until the "expiration of Executive Order 2020-01D or July 30, 2020, whichever is sooner." *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166. *See Kemba Fin. Credit Union v. Covington*, 10th Dist. No. 20AP-487, 2021-Ohio-2120, ¶ 4, fn. 1. On April 2, 2020, the Supreme Court issued guidance with respect to the tolling legislation and order, explaining that the "legislation and Supreme Court order toll only time requirements set to expire *during* the emergency period. Time requirements that are set to expire *after* the emergency period are not tolled." (Emphasis sic.) The Supreme Court, *Assessing Impact of Tolling Legislation and Supreme Court Order upon Specific Time Requirements*, accessible at https://www.supremecourt.ohio.gov/coronavirus/resources/tollingAnalysis040220.pdf (accessed June 23, 2022) (stating, as an example, that "if a time requirement expire[d]" after the emergency period ended "on August 1, [2020,] it still expire[d] on August 1[, 2020]"). *See also Chapman Ents., Inc. v. McClain*, 165 Ohio St.3d 428, 2021-Ohio-2386, ¶ 11, fn. 3 (explaining that under H.B. No. 197, the tolling period began March 9, 2020 and ended July 30, 2020).

{¶ 10} Thus, the tolling legislation tolled deadlines between March 9 and July 30, 2020, but had no effect on time requirements which expired after July 30, 2020. As the statute of limitations in the present case expired well after July 30, 2020, the tolling legislation did not affect the time within which appellant had to file his complaint. *See State v. Bender*, 3d Dist. No. 14-21-01, 2021-Ohio-1931, ¶ 10 (observing that, as the "deadline for timely filing a petition for post-conviction relief was September 9, 2020, which did not fall in between March 9, 2020 and July 30, 2020 * * *, the law tolling statutory time requirements [did] not apply in this situation").

{¶ 11} Appellant further asserts that Civ.R. 6(B)'s excusable neglect provision excused his untimely complaint. Appellant notes that he was held in a maximum security prison "until approximately August 2019," where he did not have access to anyone who could assist him with "the means of filing this instant action." (Appellant's Brief at 4.) On May 13, 2022, appellant filed a motion for leave to supplement his brief in order to provide "a more clear vision of excusable neglect." (Leave to Supp. Brief at 1.) We grant appellant's motion for leave to supplement. In the motion, appellant states that excusable neglect was present in the instant case, as he did not have access to adequate legal resources at the maximum security facility, following his return from the maximum security facility, or during the COVID-19 pandemic.

{¶ 12} Civ.R. 6(B) provides that "[w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Thus, by its own language, "Civ.R. 6(B) does not apply to statutes, but rather to deadlines set by rules, notices, and court orders." *Shue v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-432, 2017-Ohio-443, ¶ 12. Accordingly, "Civ.R. 6(B)'s excusable neglect provisions cannot excuse non-compliance with the statute of limitations." (Emphasis sic.) *Id. Accord Ruch v. Ohio Dept. of Transp.*, 10th Dist. No. 03AP-1070, 2004-Ohio-6714, ¶ 23, quoting *McCullough v. The Budd Co.*, 3d Dist. No. 16-92-12 (July 23, 1992) (stating that " 'on its face, a Rule 6(B) extension does not apply to statutes of limitations' "); *Williams v. E. & L. Transport Co.*, 81 Ohio App.3d 108, 111 (9th Dist.1991) (holding that the "time-extension provisions of Civ.R. 6(B) are not applicable to Ohio's saving statute, R.C. 2305.19"); *Hughes v. Fed. Mogul Ignition Co.*, 5th Dist. No. 06 CA 27, 2007-Ohio-2021, ¶ 24. Accordingly, Civ.R. 6(B)'s excusable neglect time-extension provision could not apply to appellant's failure to comply with the statute of limitations.

{¶ 13} Appellant further asserts that ODRC failed to "follow any policy or procedure in the handling" of this case, as "[n]o drugs were ever found." (Appellant's Brief at 4-5.) However, the issues regarding whether appellant contributed to the presence of drugs in the prison and/or ODRC's handling of appellant's property are irrelevant to whether

appellant filed his complaint within the two-year limitations period. *Compare Smith v. Capriolo*, 9th Dist. No. 19993 (Apr. 11, 2001) (stating that, when a case is "filed outside of the applicable statute of limitations, the merits of [the underlying] claims are irrelevant"); *Kinard v. Booker*, E.D.Mich. No. 2:08-CV-14992 (July 12, 2013).

**IV. Conclusion**

{¶ 14} Upon review, we find the complaint conclusively demonstrates the action was barred by R.C. 2743.16(A). Accordingly, the Court of Claims did not err by granting ODRC's Civ.R. 12(B)(6) motion to dismiss the complaint. Appellant's sole assignment of error is overruled.

{¶ 15} Having overruled appellant's sole assignment of error, the judgment of the Court of Claims of Ohio is affirmed.

*Motion for leave to supplement granted;*
*judgment affirmed.*

KLATT and MENTEL, JJ., concur.

_____