[Cite as *FAP Properties XL, L.L.C. v. Griffin*, 2022-Ohio-3410.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FAP PROPERTIES XL, LLC, | : | APPEAL NO. C-210646 |
| | | TRIAL NO. A-2003939 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | |
| | : | *O P I N I O N.* |
| MICHAEL L. GRIFFIN, | : | |
| | | |
| Defendant-Appellant, | : | |
| | | |
| and | : | |
| | | |
| MICHAEL L. GRIFFIN AS TRUSTEE | : | |
| OF TRUST, d.b.a. TINT MASTERS, | | |
| | : | |
| and | | |
| | : | |
| NECOLE MITCHELL, | | |
| | : | |
| Defendants. | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 28, 2022

*Strauss Troy Co., LPA*, and *Ryan F. Hemmerle*, for Plaintiff-Appellee,

*Michael L. Griffin*, pro se.

**Bock, Judge.**

**{¶1}** Defendant-appellant Michael Griffin appeals the trial court's decision to dismiss his counterclaims[1] against plaintiff-appellee FAP Properties XL, LLC ("FAP"). For the reasons stated herein, we affirm the trial court's judgment.

## I. Facts and Procedure

**{¶2}** In October 2020, FAP filed a complaint for forcible entry and detainer against Griffin as trustee of the Michael L. Griffin Trust, doing business as Tint Masters ("Tint Masters"), and against Griffin and Necole Mitchell individually as guarantors (together, "defendants"). The complaint alleged that: (1) Tint Masters failed to cease its operation of its collision repair and auto body shop, which was a violation of the lease agreement; (2) Tint Masters owed FAP $15,000, the balance of the rent under the lease; (3) Griffin was a personal guarantor of Tint Masters' obligations as the tenant, and Tint Masters was liable for physical damages and other related costs; and (4) Mitchell was also a personal guarantor of Tint Masters' obligations. FAP attached to the complaint a copy of the parties' lease agreement, the 30-, 15- and 3-day notices that FAP provided to Tint Masters, which stated that Tint Masters was in violation of its lease for operating a collision and body shop on the premises, and the personal guarantees signed by Griffin and Mitchell. [2]

**{¶3}** In November 2020, defendants filed an answer and counterclaims, stating that they would not stop conducting body work, and invoked their right to use "the Severability clause" to remove the terms regarding auto detailing from the lease

---

[1] Griffin and Mitchell jointly filed a notice of appeal. Only Griffin, however, filed a brief. As Griffin is not a licensed Ohio attorney, we consider his arguments on appeal as involving his counterclaims only. *See Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, 843 N.E.2d 169, ¶ 14-15 (unauthorized practice of law occurs when a layperson provides legal services, files documents, and attempts to manage legal actions).
[2] The other items listed in the notices were resolved by the time FAP filed its complaint.

as "it [was] not a service that the Defendants have ever offered for their business." They argued that Tint Masters did not become aware of the restriction to perform only auto-detailing services until one year after signing the lease because defendants did not draft the lease and they "inadvertently overlooked" the auto-detailing clause. Defendants asserted that they presented FAP with a "Notice and Demand" affidavit explaining this. Further, Defendants supplied a list of services that Tint Masters had provided over the previous 16 months.

{¶4} Count one of the counterclaim alleged that FAP's claim was fraudulent as it contained false and slanderous statements and assertions, and that FAP published these statements to others by "filing a frivolous complaint." Count two alleged that FAP's actions intentionally and/or negligently caused Griffin and Mitchell emotional distress by filing false claims. Defendants sought $20 million in compensatory and punitive damages, attorney fees (even though they appeared pro se), and other "appropriate relief."

{¶5} In November 2020, FAP voluntarily dismissed its complaint without prejudice. Defendants' counterclaims survived the dismissal.

{¶6} FAP moved to dismiss defendants' counterclaims, arguing that Mitchell and Griffin lacked standing and failed to plead fraud with particularity under Civ.R. 9(B). Further, FAP argued that the alleged defaming statements were made within the confines of a judicial proceeding and such statements were privileged.

{¶7} Defendants responded, asserting that FAP's complaint was frivolous, FAP fraudulently misrepresented the address of the premises, which "voids everything that it touches," and that FAP defamed defendants by alleging that they owed rent.

{¶8} In October 2021, FAP appeared for an ex parte hearing on its motion for a temporary restraining order ("TRO") and injunction.[3] Defendants were not present. The court refused to issue an ex parte TRO because Defendants were not notified of the hearing until the afternoon of the hearing.

{¶9} A few days later, after hearing arguments from FAP and Griffin, the court granted FAP's motion for a temporary restraining order. The entry noted that there was a substantial likelihood that FAP would prevail on the merits because defendants' conduct associated with its business violated the parties' lease agreement.

{¶10} In November 2021, the trial court dismissed defendants' counterclaims. Griffin and Mitchell appealed. Mitchell did not file a brief.

## II.     Law and Analysis

{¶11} As his sole assignment of error, Griffin argues that the trial court erred by granting FAP's motion to dismiss the counterclaims under Civ.R. 12(B)(6) because FAP did not show beyond a doubt that defendants could not prove entitlement to relief. Griffin contends that the trial court did not consider all the merits of the case and ignored important facts and allegations.

{¶12} A judgment granting a Civ.R. 12(B)(6) motion is subject to de novo review. *Arnold v. Kroger Co.*, 1st Dist. Hamilton No. C-150291, 2016-Ohio-190, ¶ 5. In reviewing whether a motion to dismiss is proper, we accept all factual allegations in the complaint as true. *Id.* Dismissing a complaint under Civ.R. 12(B)(6) tests the sufficiency of the complaint, and the appellate court construes the allegations in a light most favorable to the plaintiff. *Wick v. Ach*, 1st Dist. Hamilton No. C-180243, 2019-Ohio-2405, ¶ 4. A motion to dismiss should not be granted "unless it appears beyond

---

[3] The ex parte hearing was before the equity judge, rather than the judge assigned to the case.

doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *White v. Pitman*, 2020-Ohio-3957, 156 N.E.3d 1026, ¶ 16 (1st Dist.).

### **The trial court properly dismissed the counterclaims**

1.  The lease is binding

**{¶13}** Griffin first argues that the lease was "defective." "A court must construe a contract against its drafter, but when the terms are unambiguous and clear on their face, the court need not look beyond the plain language of the contract to determine the rights and obligations of the parties." *World Harvest Church v. Grange Mut. Cas. Co.*, 148 Ohio St.3d 11, 2016-Ohio-2913, 68 N.E.3d 738, ¶ 36, quoting *Beasley v. Monoko, Inc.*, 195 Ohio App.3d 93, 2011-Ohio-3995, 958 N.E.2d 1003, ¶ 30 (10th Dist.).

**{¶14}** We find nothing defective in the lease. The lease explicitly states that Tint Masters was to provide auto-detailing and tinting services. That Tint Masters and Griffin "inadvertently overlooked" that term does not excuse them from breaching the lease. "Parties to contracts are presumed to have read and understood them and * * * a signatory is bound by a contract that he or she willingly signed." *Preferred Capital, Inc. v. Power Engineering Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, 860 N.E.2d 741, ¶ 10. The record does not contain the "Notice and Demand" letter that purportedly reflected the services that Tint Masters provided. Moreover, there is nothing to suggest that the letter would have represented an addendum to the lease.

2.  The ex parte TRO hearing did not injure Griffin

**{¶15}** Griffin asserts that the trial court permitted a "mock trial" to occur in the guise of a TRO hearing. The trial court held an ex parte TRO hearing, but it refused

to grant the TRO because Griffin had not received timely notice. Therefore, if any error occurred, it was harmless because the trial court ruled in favor of Griffin.

### 3. Griffin did not show fraud

{¶16} Fraud is "a knowing misrepresentation of the truth * * * to induce another to act for his or her detriment." *Id.*, quoting *Curran v. Vincent*, 175 Ohio App.3d 146, 2007-Ohio-3680, 885 N.E.2d 964, ¶ 18 (1st Dist.). The elements of civil fraud are (1) a misrepresentation, (2) material to the transaction, (3) made falsely, knowingly, or recklessly, (4) with the intention of misleading another into a justifiable reliance on those facts, (5) that causes the other party injury. *Id.* Civ.R. 9(B) provides that fraud claims must be stated with particularity.

{¶17} The counterclaims do not specify what false statements were made against Griffin individually—the complaint stated that Tint Masters, not Griffin, breached the lease. Moreover, Griffin's assertion that an incorrect address constitutes fraud fails. The incorrect address was not material to the transaction, there were no facts showing that it was made with an intention of misleading Griffin, and the incorrect address did not injure Griffin.

### 4. Griffin did not show defamation

{¶18} Griffin's counterclaim asserts that he was defamed by FAP because FAP made false statements "published * * * to others by filing a frivolous complaint."

{¶19} Defamation is a "publication [of a falsehood that] caus[es] injury to a person's reputation"; exposes the person "to public hatred, contempt, ridicule, shame or disgrace"; or "affect[s] [the person] adversely in [the person's] trade or business." (Citations omitted.) *Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe Des 40 Hommes et 8 Chevaux*, 2d Dist.

6

Montgomery No. 28388, 2020-Ohio-3821, ¶ 22, quoting *Matalka v. Lagemann*, 21 Ohio App.3d 134, 136, 486 N.E.2d 1220 (10th Dist.1985).

{¶20} To prevail on a defamation claim, a plaintiff must prove that: (1) "the defendant made a false statement of fact"; (2) the statement was defamatory; (3) the statement was published; (4) the plaintiff was damaged; and (5) "the defendant acted with the required degree of fault." (Citation omitted.) *Id.*

{¶21} Statements made in judicial proceedings have long been accorded an absolute privilege. *State v. Brown*, 1st Dist. Hamilton No. C-190399, 2021-Ohio-597, ¶ 18. In *Erie Cty. Farmers' Ins. Co. v. Crecelius*, 122 Ohio St. 210, 171 N.E. 97 (1930), syllabus, the Supreme Court of Ohio held that "[n]o action will lie for any defamatory statement made by a party to a court proceeding, in a pleading filed in such proceeding, where the defamatory statement is material and relevant to the issue."

{¶22} Griffin's defamation argument fails both because the allegations in FAP's complaint involved Tint Masters, not Griffin, and because the allegations contained within the complaint are privileged.

5. No intentional and/or negligent infliction of emotional distress

{¶23} Although Griffin did not assert emotional distress in a separate claim, he argues that he suffered emotional damages.

{¶24} One who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for that emotional distress. *Daudistel v. Village of Silverton*, 1st Dist. Hamilton No. C-130661, 2014-Ohio-5731, ¶ 40, quoting *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 453 N.E.2d 666 (1983), syllabus. To state a claim for intentional infliction of emotional distress ("IIED"), the plaintiff must show that the defendant's conduct was so outrageous in

7

character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Id.*

{¶25} To prevail on a claim for IIED, a plaintiff must show that (1) the defendant intended to cause the plaintiff serious emotional distress, (2) the conduct was extreme and outrageous, and (3) the defendant's conduct proximately caused the plaintiff's serious emotional distress. *Brunsman v. W. Hills Country Club*, 151 Ohio App.3d 718, 2003-Ohio-891, 785 N.E.2d 794, ¶ 17 (1st Dist.), quoting *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410, 644 N.E.2d 286 (1994).

{¶26} Plaintiffs may recover for negligent infliction of severe emotional distress by showing that they "witnessed or experienced a dangerous accident and/or was subjected to an actual physical peril." *Cobb v. Mantua Twp. Bd. of Trustees*, 11th Dist. Portage No. 2003-P-0112, 2004-Ohio-5325, ¶ 27, quoting *Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134, 163, 677 N.E.2d 308 (1997).

{¶27} FAP filed its complaint for forcible entry and detainer based on Tint Masters' breach of the lease. Nothing alleged in the counterclaim rises to the conduct necessary to be considered extreme or outrageous. And Griffin does not argue that he was subjected to a dangerous accident or actual physical peril.

{¶28} Griffin's sole assignment of error is overruled.

### III.   Conclusion

{¶29} For the reasons stated above, we overrule Griffin's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**BERGERON, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion