[Cite as *Person v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-798.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Andre Person, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 22AP-525 |
| v. | : | (Ct. of Cl. No. 2022-00184JD) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on March 5, 2024

**On brief:** *Andre Person*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Timothy M. Miller*, and *Chelsey Capezzuti*, for appellee. **Argued:** *Timothy M. Miller*.

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Andre Person, appeals from a judgment of the Court of Claims of Ohio granting a motion to dismiss filed by defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On March 4, 2022, Person filed a complaint against ODRC asserting a claim for negligence. Person alleged he was injured on March 1, 2020 due to a malfunctioning wheelchair lift at the Southern Ohio Correctional Facility. The complaint was accompanied by a letter to the clerk of courts requesting that Person be sent a filed, stamped copy of the

complaint. In the letter, Person asserted that institutional mailroom practices and protocols could delay delivery of his complaint and stated he placed the complaint in the institutional mailbox on February 24, 2022.

{¶ 3} Person filed an amended complaint on April 21, 2022, reiterating the claim that he was injured on March 1, 2020. The amended complaint also referred to medical treatment Person received on March 3 and 11, 2020.

{¶ 4} ODRC moved to dismiss Person's complaint pursuant to Civ.R. 12(B)(6) asserting his claims were barred by the statute of limitations. ODRC also argued Person failed to exhaust his administrative remedies because the complaint lacked any allegation or attachments demonstrating an effort to compromise his claim with the Office of Risk Management before filing suit.

{¶ 5} Although Person sought and received an extension of time to respond to ODRC's motion to dismiss, he did not file a response to the motion to dismiss. Instead, Person filed a motion for summary judgment in his favor. ODRC filed a memorandum in response, asserting Person failed to provide any evidentiary materials to support his claim for summary judgment.

{¶ 6} On July 25, 2022, the Court of Claims granted ODRC's motion to dismiss the amended complaint. The court concluded Person's claims for personal injury were barred by the two-year statute of limitations for claims against the state because he alleged the injury occurred on March 1, 2020, but his complaint was not filed until March 4, 2022, more than two years later. The court further concluded that to the extent Person sought to assert medical malpractice claims based on the treatment he received, such claims were barred by the one-year statute of limitations for medical malpractice claims. The court ruled that Person's motion for summary judgment was rendered moot by the grant of ODRC's motion to dismiss.

## II. Assignments of Error

{¶ 7} Person appeals and assigns the following two assignments of error for our review:

> [I.] The lower courts judge abused its discretion in finding equitable tolling in applicable to the case at bar, or filed untimely.

[II.] The lower court judge abused its discretion by dismissing my case for failure to present document evidence.

(Sic passim.)

### III.  Discussion

{¶ 8}   We review de novo a trial court's decision on a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.  *Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-61, 2022-Ohio-2155, ¶ 7.  A motion to dismiss under Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint.  *Id.*  For the motion to be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery."  *Id.*  In evaluating a Civ.R. 12(B)(6) motion to dismiss, the court must presume all allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party.  *Id.*  "A court should grant a Civ.R. 12(B)(6) motion to dismiss based on the bar of a statute of limitations 'only if the complaint conclusively demonstrates on its face that the action is barred by the statute of limitations.' "  *Id.*, quoting *Glenn v. Ohio State Univ.*, 10th Dist. No. 17AP-732, 2018-Ohio-2610, ¶ 3.

{¶ 9}   Person's amended complaint alleged he was injured on March 1, 2020.  The court concluded that because Person's complaint was not filed until March 4, 2022, any claims arising from the March 1, 2020 incident were barred by the two-year statute of limitations for claims against the state under R.C. 2743.16(A).  The court also noted that Person's amended complaint referred to medical care he received between March 3 and 11, 2020.  The court concluded that to the extent Person sought to bring a medical malpractice claim, such claim was barred because it was not filed within the one-year statute of limitations for medical malpractice claims under R.C. 2305.113(A).

{¶ 10} In his first assignment of error, Person argues the court erred by failing to apply the doctrine of equitable tolling to hold that his claims were not barred by the statute of limitations.  Person argues equitable tolling should apply because he gave his complaint to prison officials to be mailed on February 24, 2022, and claims he should not be penalized because the complaint did not reach the Court of Claims until March 4, 2022.

{¶ 11} Although Person argues on appeal that equitable tolling should apply, he failed to raise this argument before the Court of Claims.  "Issues raised for the first time on

appeal are deemed to have been waived or forfeited through failure to assert them before the trial court." *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 7. Person did not file a response to ODRC's motion to dismiss and he did not raise the issue of equitable tolling or address the timeliness of his complaint in his motion for summary judgment. Therefore, Person waived the issue of equitable tolling by failing to raise it before the court and may not assert it for the first time on appeal. *See Moore v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-732, 2011-Ohio-1607 (holding that the appellant waived issue of equitable tolling by failing to raise it in the trial court).

{¶ 12} Accordingly, we overrule Person's first assignment of error.

{¶ 13} In his second assignment of error, Person asserts the court erred by dismissing his case "for failure to present document evidence." (Appellant's Brief at 1.) Person alleges ODRC claimed he failed to support his case with documentary evidence. Person asserts he provided documents in another case he was litigating at the same time and argues his case should not have been dismissed for failure to attach documents when he filed his complaint.

{¶ 14} Unfortunately, it is unclear what Person is referring to in his second assignment of error. In its motion to dismiss, ODRC argued that Person failed to demonstrate he had exhausted his administrative remedies by attempting to compromise his claim with the Office of Risk Management prior to filing suit. ODRC asserted that Person failed to attach a right-to-sue letter from the Office of Risk Management or any other correspondence to establish that he attempted to compromise his claim. ODRC presented this argument as an alternative basis for dismissal and the court did not rely on it in granting the motion to dismiss. Therefore, to the extent Person seeks to appeal the dismissal of his complaint on this ground, such appeal would be moot. Alternatively, Person may be referring to ODRC's response to his motion for summary judgment, in which ODRC asserted that Person failed to support his motion with any evidentiary materials. However, the Court of Claims did not rule on Person's motion for summary judgment, properly concluding that it was rendered moot by the grant of ODRC's motion to dismiss. *See Myles v. Twin Valley Behavior Healthcare*, 10th Dist. No. 20AP-452, 2021-Ohio-2119, ¶ 11 ("The granting of a motion to dismiss renders a summary judgment motion moot.").

Therefore, to the extent Person seeks to appeal the denial of his motion for summary judgment, such appeal would be moot.

{¶ 15} Accordingly, we overrule Person's second assignment of error.

## IV. Conclusion

{¶ 16} For the foregoing reasons, we overrule Person's two assignments of error and affirm the judgment of the Court of Claims of Ohio dismissing Person's amended complaint.

*Judgment affirmed.*

LUPER SCHUSTER and LELAND, JJ., concur.