[Cite as *Ezeh v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-2823.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ndubuisi Ezeh, | : | |
| Plaintiff-Appellant, | : | No. 23AP-648 |
| | | (Ct. of Cl. No. 2023-00454JD) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Ohio Department of Mental Health, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on July 25, 2024

**On brief:** *Ndubuisi Ezeh*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Timothy M. Miller,* for appellee. **Argued:** *Maggie Shaver*.

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Ndubuisi Ezeh, appeals from a judgment of the Court of Claims of Ohio granting a motion to dismiss filed by defendant-appellee, Ohio Department of Mental Health and Addiction Services ("ODMHAS"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Ezeh filed a complaint in the Court of Claims on July 5, 2023 naming ODMHAS and Summit Behavioral Healthcare as defendants and asserting a claim for "unlawful kidnapping" between January 4 through 7, 2022. (Compl. at 1.) Ezeh claimed he was held against his will at Summit Behavioral Healthcare and subjected to forced medication.

{¶ 3} The Court of Claims dismissed Summit Behavioral Healthcare from the case because it was not a state agency or instrumentality. ODMHAS then moved to dismiss the complaint under Civ.R. 12(B)(1) and (6), asserting Ezeh's claim was untimely and that the Court of Claims lacked jurisdiction over any individual constitutional claim Ezeh sought to raise. The Court of Claims granted ODMHAS's motion to dismiss, concluding that Ezeh's claim was barred by the statute of limitations and that it lacked jurisdiction over any constitutional claim for denial of access to the courts.

## II. Assignments of Error

{¶ 4} Ezeh appeals and assigns the following three assignments of error for our review:

> [I.] The trial court erred in dismissing the claim and concluding that the cause of action accrued on January 7, 2023. It is evident in the Ohio court system that the plaintiff's confinement did not end till April 14, 2023. It is also a matter of public knowledge that after the wrongful confinement, the plaintiff was to also be committed to out-patient community probate, so the injuries never discontinued.

> [II.] The trial court erred in its assertion that the plaintiff did not state a claim because in the injuries field of the complaint, deprivation of life and liberty from the defendant's confinement in Hamilton County's MI2022000044 was provided and suffices as an injury or claim. It was also asserted by the trial court as a case of false arrest or false imprisonment, but the defendant's clinicians' actions have kept the injuries sustained by the plaintiff active, as he is still subjected to deprivation of life and liberty in his community probate requirements from this false arrest.

> [III.] The trial court erred in asserting that the statute of limitations bars plaintiff's complaint and that the Court lacks jurisdiction because the time constraints on filing a claim should be adjusted to adhere to the circumstances prescribed in O.R.C. 2305.15 and O.R.C. 2305.16. The statute of limitations should be tolled accordingly. It is also a matter of law that it should not have begun to run until the injuries sustained from the claim have terminated.

(Sic passim.)

### III. Analysis

{¶ 5} Ezeh's first and third assignments of error challenge the dismissal of his complaint based on the statute of limitations; accordingly, we will address them together.

{¶ 6} The Court of Claims dismissed Ezeh's complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. We review de novo a trial court's decision on a motion to dismiss under Civ.R. 12(B)(6). *Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-61, 2022-Ohio-2155, ¶ 7. A motion to dismiss under Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint. *Id.* For the motion to be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Id.* In evaluating a Civ.R. 12(B)(6) motion to dismiss, the court must presume all allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party. *Id.* "A court should grant a Civ.R. 12(B)(6) motion to dismiss based on the bar of a statute of limitations 'only if the complaint conclusively demonstrates on its face that the action is barred by the statute of limitations.' " *Id.*, quoting *Glenn v. Ohio State Univ.*, 10th Dist. No. 17AP-732, 2018-Ohio-2610, ¶ 3.

{¶ 7} Ezeh's complaint asserted a claim for "unlawful kidnapping" between January 4 through 7, 2022, asserting he was held against his will at Summit Behavioral Healthcare and subjected to forced medication. The Court of Claims concluded the complaint asserted a claim for false imprisonment, which is subject to a one-year statute of limitations under R.C. 2305.11(A). Based on the allegations contained in the complaint, the court concluded Ezeh's claim accrued at the latest on January 7, 2022. Ezeh did not file his complaint until July 5, 2023, more than one year after the claim accrual date. Therefore, the court concluded Ezeh's claim for false imprisonment was barred by the statute of limitations.

{¶ 8} On appeal, Ezeh asserts the statute of limitations should be tolled pursuant to R.C. 2305.16 because he was declared incompetent to stand trial in two different cases on January 4, 2022 and March 6, 2023, and not deemed competent to stand trial until July 19, 2023. Ezeh also claims the statute of limitations should be tolled pursuant to R.C. 2305.15 because he was incarcerated at the time he filed his complaint. Ezeh argues the

court erred by concluding his claim accrued on January 7, 2022, asserting he was not released from hospitalization until April 14, 2022. Ezeh further argues that he continues to suffer damages from the alleged false imprisonment, suggesting that the statute of limitations did not expire due to continuing violations.

{¶ 9} Although Ezeh presents these arguments in his brief on appeal, he did not raise any of them before the Court of Claims. "Issues raised for the first time on appeal are deemed to have been waived or forfeited through failure to assert them before the trial court." *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 7. Ezeh filed a response to ODMHAS's motion to dismiss, in which he asserted he had been found incompetent on January 7, 2022, and referred to probate court for assessment, but failed to make any argument the statute of limitations was tolled due to the competency ruling. Therefore, Ezeh waived the issue of statutory tolling under R.C. 2305.15 or 2305.16 by failing to raise it before the court and may not assert it for the first time on appeal. *See Person v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-525, 2024-Ohio-798, ¶ 11 (holding that the appellant waived issue of equitable tolling by failing to raise it in the trial court).[1] Ezeh also waived any argument that his claim did not accrue until April 14, 2022, or that he was subject to continuing violations. Therefore, we will not consider these arguments on appeal.

{¶ 10} Generally, claims against the state are subject to a two-year statute of limitations unless there is a "shorter period that is applicable to similar suits between private parties." R.C. 2743.16(A). Under R.C. 2305.11(A), an action for false imprisonment must be commenced within one year after the action accrued. Ezeh's complaint alleged that the "unlawful kidnapping" occurred from January 4 through 7, 2022. Presuming all allegations in the complaint to be true and drawing all reasonable inferences in his favor, Ezeh's claim accrued at the latest on January 7, 2022. Under R.C. 2305.11(A), Ezeh had one year from January 7, 2022 to file his complaint, but he did not file it until July 5, 2023. Thus, Ezeh's complaint conclusively demonstrates on its face that the action is barred by

---

[1] We find this case to be distinguishable from *Carter v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2015-00039 (May 22, 2015), in which the plaintiff raised the issue of tolling due to mental incompetence in the Court of Claims. In this case, unlike *Carter*, Ezeh asks us to consider his tolling argument for the first time on appeal.

the statute of limitations, and the Court of Claims did not err by dismissing the complaint under Civ.R. 12(B)(6). *See Johnson* at ¶ 7.

{¶ 11} Accordingly, we overrule Ezeh's first and third assignments of error.

{¶ 12} Ezeh's second assignment of error challenges the court's dismissal of his complaint for lack of subject-matter jurisdiction to the extent he sought to assert a constitutional claim based on deprivation of access to the courts.

{¶ 13} Dismissal under Civ.R. 12(B)(1) is appropriate when the trial court lacks jurisdiction over the subject matter of a claim. *Harris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-668, 2015-Ohio-1237, ¶ 6. Subject-matter jurisdiction relates to a court's authority to decide a case on its merits. *Id.* We review de novo a dismissal under Civ.R. 12(B)(1) to determine whether any cause of action cognizable by the forum has been asserted in the complaint. *Id.*

{¶ 14} The Court of Claims concluded that any claim Ezeh sought to assert arising out of an alleged missed court appearance would constitute a constitutional claim over which it lacked jurisdiction. Therefore, the court dismissed Ezeh's complaint for lack of subject-matter jurisdiction under Civ.R. 12(B)(1) to the extent it asserted a constitutional claim. On appeal, Ezeh argues the court erred because he stated a valid claim for deprivation of life and liberty through unlawful confinement.

{¶ 15} This court has previously explained that the Court of Claims lacks subject-matter jurisdiction over claims of deprivation of access to the courts:

> "The fundamental constitutional right of access to the courts requires that prisoners have a meaningful opportunity to present claims to the court." *State ex rel. Carter v. Schotten,* 70 Ohio St.3d 89, 92 (1994), citing *Bounds* [*v. Smith,* 430 U.S. 817 (1977)]. However, the Court of Claims lacks subject-matter jurisdiction to consider claims arising from alleged violations of the U.S. Constitution. *Guillory* [*v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299], ¶ 12. Claims of denial of access to the courts are properly treated as actions for alleged violations of constitutional rights pursuant to 42 U.S.C. 1983 ("§ 1983"). *Id.* at ¶ 12, citing *Bleicher v. Univ. of Cincinnati College of Med.*, 78 Ohio App.3d 302 (10th Dist.1992). Likewise, inmate complaints regarding conditions of confinement are treated as claims arising under § 1983. *Guillory* at ¶ 12, citing *Schotten* at 91. This court has

consistently held that the Court of Claims does not have jurisdiction over § 1983 actions. *Deavors v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 98AP-1105 (May 20, 1999).

*Burse v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-452, 2019-Ohio-2882, ¶ 14. *See also Jackson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-621, 2020-Ohio-1518, ¶ 12 ("As a court of limited jurisdiction, the Court of Claims has no subject-matter jurisdiction over alleged violations of claims arising under 42 U.S.C. 1983 or alleged violations of constitutional rights."). Therefore, the Court of Claims rightly concluded it lacked subject-matter jurisdiction over Ezeh's complaint to the extent he sought to assert a constitutional claim for deprivation of access to the courts.

{¶ 16} Accordingly, we overrule Ezeh's second assignment of error.

**IV. Conclusion**

{¶ 17} For the foregoing reasons, we overrule Ezeh's three assignments of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

————————————