[Cite as *Jackson v. Rental*, 2024-Ohio-4467.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mark A. Jackson, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 24AP-190 |
| v. | : | (C.P.C. No. 23CV-7705) |
| Conroy Rental, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

---

D E C I S I O N

Rendered on September 10, 2024

---

**On brief:** *Mark A. Jackson*, pro se.  **Argued:** *Mark A. Jackson*.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  Plaintiff-appellant Mark A. Jackson appeals pro se from a judgment of the Franklin County Court of Common Pleas granting a motion to dismiss filed by defendant-appellee Conroy Rental.  Because we conclude the complaint failed to state a claim upon which relief could be granted, we affirm.

**I. Facts and Procedural History**

{¶ 2}  Jackson filed a complaint in October 2023, asserting a claim for defamation against Conroy.  The complaint stated that Conroy falsely alleged in an eviction filing that Jackson and his wife had not paid rent.  Jackson attached to his complaint an eviction complaint and eviction court summons in Franklin County M.C. case No. 2023-CVG-016050.  In the eviction complaint, Conroy alleged that Jackson and Carla Summers failed to pay rent under the terms of their written lease agreement.  Although the docket in case No. 2023-CVG-016050 is not part of the record before us, we note that an agreed judgment

entry was filed in that case on June 5, 2023.[1] In the present case, Jackson attached to his complaint a signed, undated copy of an agreed judgment entry providing that he would vacate the rental premises no later than November 2, 2023, and that he waived the affirmative defense of discriminatory eviction based on failure to allow a reasonable accommodation for an emotional support animal.

{¶ 3} Conroy moved to dismiss the complaint, asserting it failed to state a claim upon which relief could be granted. The trial court granted Conroy's motion, concluding it could not identify any cause of action in Jackson's complaint for which relief could be granted.

## II. Assignment of Error

{¶ 4} Jackson appeals and assigns the following sole assignment of error for our review:

> The trial court erred and abused its discretion in dismissing appellant's action. Appellant's action is firmly supported by law and solid overwhelming evidence.

## III. Discussion

{¶ 5} We review de novo a trial court's decision on a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. *Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-61, 2022-Ohio-2155, ¶ 7. A Civ.R. 12(B)(6) motion to dismiss is procedural and tests the sufficiency of the complaint; to be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Id.* In evaluating a Civ.R. 12(B)(6) motion to dismiss, the court must presume all allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party. *Id.*

{¶ 6} Jackson's complaint asserted claims for defamation and slander.[2] "[D]efamation occurs when a publication contains a false statement 'made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his

---

[1] The Supreme Court of Ohio has stated that "[a] municipal-court docket is an online record, which may be appropriate for judicial notice." *State ex rel. Curtis v. Turner*, ___ Ohio St.3d ___, 2024-Ohio-2682, ¶ 12.
[2] "Slander is a form of defamation and occurs when a person's spoken words defame another." *Jabr v. Ohio Dept. of Taxation*, 10th Dist. No. 16AP-26, 2016-Ohio-4776, ¶ 8.

or her trade, business or profession.' " *Jackson v. Columbus*, 117 Ohio St.3d 328, 2008-Ohio-1041, ¶ 9, quoting *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Const. Trades Council*, 73 Ohio St.3d 1, 7 (1995). The elements of defamation are: (1) the defendant made a false and defamatory statement, (2) the false statement was published, (3) the plaintiff was injured, and (4) the defendant acted with the required degree of fault. *Rhoads v. Olde Worthington Business Assn.*, 10th Dist. No. 23AP-324, 2024-Ohio-2178, ¶ 50.

{¶ 7} In his complaint, Jackson asserted that Conroy falsely claimed in the eviction complaint that he had failed to pay rent. The Supreme Court of Ohio has held that "[a] statement made in a judicial proceeding enjoys an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceeding in which it appears." *Hecht v. Levin*, 66 Ohio St.3d 458, 460 (1993). *See Surace v. Wuliger*, 25 Ohio St.3d 229 (1986), syllabus ("As a matter of public policy, under the doctrine of absolute privilege in a judicial proceeding, a claim alleging that a defamatory statement was made in a written pleading does not state a cause of action where the allegedly defamatory statement bears some reasonable relation to the judicial proceeding in which it appears."); *Savoy v. Univ. of Akron*, 10th Dist. No. 13AP-696, 2014-Ohio-3043, ¶ 19 ("[A] statement in a judicial or quasi-judicial proceeding is absolutely privileged and may not form the basis for a defamation action as long as the allegedly defamatory statement is reasonably related to the proceedings."). In a recent decision, the First District Court of Appeals concluded that allegedly defamatory statements made in a forcible entry and detainer complaint were privileged and dismissed the defendants' counterclaim for defamation. *FAP Properties XL, L.L.C. v. Griffin*, 1st Dist. No. C-210646, 2022-Ohio-3410, ¶ 18-22. Similarly, in this case, any allegedly defamatory statements made in an eviction complaint would be privileged. Jackson's complaint does not allege any defamatory statements were made outside of the eviction proceedings; therefore, the complaint fails to state a claim for defamation upon which relief can be granted.

{¶ 8} Jackson's complaint also referred generally to the Americans with Disabilities Act ("ADA"), suggesting he sought to assert a claim under that law. "Congress enacted the ADA 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.' " *Wolfe v. Ohio Dept. of*

*Rehab. & Corr.*, 10th Dist. No. 11AP-346, 2011-Ohio-6825, ¶ 12, quoting 42 U.S.C. 12101(b)(1). "The ADA forbids discrimination against persons with disabilities in three different areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are covered by Title II; and public accommodations, which are covered by Title III." *Id.*, citing *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004).

{¶ 9} Jackson asserted in his complaint that Conroy threatened and intimidated him and his wife in retaliation for having a medical support animal. Jackson attached to the complaint a letter from his wife's physician indicating that it was medically necessary for her to have her cat as an emotional support animal. Title I of the ADA would not apply because Title I prohibits discrimination in employment, not housing. *Friedman v. Ebner Properties*, 10th Dist. No. 23AP-179, 2023-Ohio-4398, ¶ 26. Title II of the ADA provides that "[s]ubject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. 12132. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. 12182. Jackson did not allege in his complaint that Conroy was a "public entity" subject to Title II of the ADA or that his rental home was a "public accommodation" for purposes of Title III of the ADA. Therefore, Jackson's complaint failed to state a claim upon which relief could be granted under the ADA. *See, e.g., Reid v.*

*Plainsboro Partners, III*, 10th Dist. No. 09AP-442, 2010-Ohio-4373, ¶ 23-25 (concluding plaintiff failed to present cognizable claims under Titles II and III of the ADA).[3]

{¶ 10} Based on our de novo review, we conclude that even presuming the allegations of the complaint to be true and drawing all reasonable inferences in Jackson's favor, the complaint fails to state a claim upon which relief could be granted for defamation or violation of the ADA.  Accordingly, we overrule Jackson's sole assignment of error.

## IV. Conclusion

{¶ 11}  For the foregoing reasons, we overrule Jackson's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

EDELSTEIN and LELAND, JJ., concur.

_____

[3] We note further that federal courts considering similar issues have held that Titles I and III of the ADA do not apply to emotional support animals that provide only emotional support, well-being, comfort or companionship, as distinguished from service animals. *See also* 28 C.F.R. 35.104 definition of "service animals." *See Frishberg v. Univ. of S. Fla. Bd. of Trustees*, M.D. Fla. No. 8:24-cv-22-TPB-NHA (Apr. 11, 2024) ("[T]here is no claim under Title II of the ADA related to the denial of an emotional support animal."); *Maubach v. Fairfax*, E.D. Va. No. 1:17-cv-921, (Apr. 30, 2018), fn. 6 ("Titles II and III of the ADA, which address disability discrimination in the provision of public services and in public accommodations, respectively, have specific regulations addressing the distinction between service animals and emotional support animals.  These regulations provide protections for the use of service animals and exclude emotional support animals from coverage under the ADA. * * * [A]n animal whose only purpose is emotional support is not a 'service animal,' and a disabled person has no entitlement to use the emotional support animal in public accommodations or in connection with public services."); *Houston v. DTN Operating Co., L.L.C.*, E.D.Tex. No. 4:17-CV-00035 (Oct. 17, 2017) (concluding plaintiff failed to state a claim under the ADA because she failed to establish that her dog qualified as a service animal); *Ayyad-Ramallo v. Marine Terrace Assocs., L.L.C.*, E.D.N.Y. No. 13-CV-7038 (May 30, 2014) ("Emotional support or comfort animals do not qualify as service animals under the ADA. * * * Emotional support animals, however, may qualify for protection under recently promulgated [Fair Housing Act] rule interpretations."); *Barwick v. Behnke*, D.Colo. No. 11-cv-00355-PAB-KLM (Mar. 28, 2012) ("An emotional support animal may qualify as a 'permitted reasonable accommodation[ ] for persons with disabilities' under the Fair Housing Act, but does not qualify as a service animal within the meaning of the ADA.").